The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Juan G. OJEDA, Defendant-Appellant.**

**No. 86CA0426.**

Colorado Court of Appeals,
Div. I.

July 23, 1987.

Rehearing Denied Aug. 20, 1987.

Certiorari Denied (Ojeda) Oct. 19, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy E. Nelson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Juan Ojeda, appeals the judgment entered on convictions by a jury of first degree burglary, attempted third degree sexual assault, and third degree assault. Defendant's sole argument on appeal is that the trial court erroneously admitted, as an excited utterance, hearsay testimony concerning a past conversation between the defendant and the victim. We affirm.

The defendant and the 17–year-old victim were next door neighbors at a trailer court in Broomfield. On the evening of April 14, 1985, the victim was watching television with her grandmother, while her parents were away from home. The victim heard a noise outside and opened the front door. As she looked out, she noticed a man standing against the outer wall. The man punched her in the face, knocking her back into the trailer, and followed her in. As she attempted to escape by running to the back of the trailer, she recognized the defendant.

Thereafter, the victim was pulled to the floor. The man placed his arm around her shoulders, trying to cover her mouth, and attempted to sexually assault her. She continued to scream and struggle. Her assailant then released her and crawled out the back door, leaving the trailer.

The victim continued to scream for approximately 30 seconds, and then called the police. She identified the defendant as her attacker and provided a thorough description of her assailant that matched defendant. As she was speaking to the police dispatcher on the telephone, she saw defendant again approaching her trailer and told the dispatcher, "That man is back.... It's him. I know it's him." The police placed the defendant in custody immediately upon their arrival.

At trial, the arresting officer testified that, during the interview immediately after the attack, the victim related a conversation with the defendant that had taken place five months earlier. During this conversation, the defendant had asked several questions about her parents' work schedules, thus ascertaining when the victim would be home alone, and she told the officer that this "had made her nervous." Defendant objected to this portion of the officer's testimony as hearsay, but the evidence was admitted as an excited utterance.

I.

Defendant argues that the trial court erred in admitting the portion of the officer's testimony which related to the conver-

sation between the victim and the defendant. He asserts that this evidence did not fall within the excited utterance exception to hearsay contained in CRE 803(2) because it related to a past fact. We disagree.

■ CRE 803(2) allows the admission of a hearsay statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." This rule has been interpreted liberally and extends to statements made in response to questioning, *People in Interest of O.E.P.*, 654 P.2d 312 (Colo.1982), and to statements made following a lapse of time from the startling event itself. *People v. Lagunas*, 710 P.2d 1145 (Colo.App.1985); *People v. Sandoval*, 709 P.2d 90 (Colo.App.1985). Only the slightest sort of relationship between the subject matter and the event is required. 4 D. Louisell & C. Mueller, *Federal Evidence*, § 429 at 513 (1980).

■ We hold that if the subject matter of the statement is relevant and would likely be evoked by the startling event, even though a portion of the statement relates to a past fact, the entire statement should be admitted. This determination cannot be made mechanically without assessing the facts of the particular case. 4 J. Weinstein & M. Berger, *Weinstein's Evidence*, 803(2)[01] at 803–95 (1985). *See also Murphy Auto Parts Co. v. Ball*, 249 F.2d 508 (D.C.Cir.1957).

■ The subject matter of the statement here is relevant and would likely be evoked by the startling event. The statement was made during the victim's report to the officer at the scene, minutes after the attack. It was highly relevant because it enhanced the victim's recognition of the defendant as her neighbor, indicating a reason that she believed the defendant was the person who had attacked her, *i.e.*, that he had been inquiring earlier as to when her parents would not be home.

Thus, even though this small portion of the victim's statement related to a past fact, it was nevertheless an excited utterance because the significance of the past fact was revealed as a result of the excitement of the event. Consequently, we conclude that the trial court did not abuse its discretion in admitting it.

II.

Defendant next contends that, even if the portion of the statement in question was admissible as an excited utterance under CRE 803(2), the evidence was unduly prejudicial pursuant to CRE 403. Again, we disagree.

■ CRE 403 gives the trial court discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See Vialpando v. People*, 727 P.2d 1090 (Colo.1986). Evidence may be unduly prejudicial if it has no proper basis. *See* Fed.R.Evid. 403 (Advisory Committee's Note). As well, evidence is unfairly prejudicial if it appeals to a jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action. *See* 4 J. Weinstein & M. Berger, *Weinstein's Evidence*, 403(3) at 403–33 through 403–39 (1986).

■ The testimony was adverse to the defendant in that it bolstered the victim's identification of him, but our review of the record reveals no unfair prejudice. The evidence had neither an improper basis nor an improper potential effect; thus, the trial court did not abuse its discretion in allowing it. *See People v. Lowe*, 660 P.2d 1261 (Colo.1983).

Moreover, if a defendant's substantial rights are not affected by admission of a challenged statement, no reversible error occurs. *People v. McKnight*, 626 P.2d 678 (Colo.1981). Such was the case here. The evidence overwhelmingly supports the defendant's guilt. The victim knew the defendant from prior conversations in the neighborhood. She described her attacker in detail and the defendant met every facet

of that description. Accordingly, we find no error.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.