**PEOPLE of the State of Colorado, Petitioner,**

**v.**

**DISTRICT COURT IN AND FOR the FIRST JUDICIAL DISTRICT, JEFFERSON COUNTY, COLORADO; and The Honorable William DeMoulin, One of the Judges Thereof, Respondents.**

**PEOPLE of the State of Colorado, Plaintiff–Appellant,**

**v.**

**Mark Nicholas MATSON, Defendant–Appellee.**

Nos. 89SA197, 89SA198.

Supreme Court of Colorado, En Banc.

Jan. 16, 1990.

Donald E. Mielke, Dist. Atty., and Donna Skinner Reed, Sr. Deputy Dist. Atty., Golden, for petitioner and plaintiff-appellant.

Pozner Hutt Gilman Kaplan, P.C., David S. Kaplan and Shelley Gilman, Denver, for respondents and defendant-appellee.

Justice VOLLACK delivered the opinion of the Court.

The People bring this appeal under C.A.R. 4.1[1] to challenge the trial court's suppression of defendant's statements. The People also petition this court under C.A.R. 21[2] for a rule to show cause why

---

**1.** Rule 4.1 Interlocutory Appeals in Criminal Cases

(a) Grounds. The state may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion under Crim.P. 41(e) and (g) and Crim.P. 41.-1(i) made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission; provided that the state certifies to the judge who granted such motion and to the supreme court that the appeal is not taken for purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant. (Amended March 1, 1979, effective April 1, 1979).

**2.** Rule 21. Procedure in Original Actions

(a) Writs Under Constitution. This Rule applies only to the original jurisdiction of the

the trial court should not be prohibited from excluding the defendant's statements under the provisions of CRE 403.[3] The trial court entered both rulings in a pretrial hearing on defendant's motion to suppress statements. We consolidate the appeal and original proceeding. We reverse in 89SA198 and make the rule absolute in 89SA197.

### I.

In June of 1988, the Jefferson County Sheriff's Department (the Sheriff's Department) was investigating allegations made by two boys that they had been sexually assaulted by the defendant Mark Matson (defendant). In connection with this investigation, a sergeant with the Sheriff's Department contacted the defendant and arranged to meet with him at the Sheriff's Department on June 7, 1988. At the Sheriff's Department the sergeant informed the defendant that he was a suspect in a sexual assault case involving two boys under the age of fifteen, and that the sexual assaults occurred in December 1987. The sergeant advised the defendant of his Miranda[4] rights, which he waived.

During the interview, the defendant admitted giving the two boys a ride to one of the boys' homes. The defendant denied putting his hand on either of the boys' crotch areas, and told the sergeant that the boys were sober when he let them out of the car, and that he had not given liquor to either boy. At the close of the interview the sergeant asked the defendant if he would be willing to take a polygraph examination. The sergeant told him that if he passed the polygraph test, "we'll look somewhere else in this." The defendant

agreed to return to the Sheriff's Office at a later date to take the polygraph test.

Prior to taking the polygraph test, the defendant talked to a friend who was an attorney. The defendant did not actually hire the attorney, but merely received free advice from him. The attorney told the defendant that he could take the polygraph test if he wanted to since "it's inadmissible in court." The attorney also told him that although he had consented to take a polygraph test, he did not have to go through with it.

On June 21, 1988, the defendant returned to the Sheriff's Office to take the polygraph test. The polygraph technician, who was employed by the Sheriff's Department, gave the defendant a written consent form which included a Miranda advisement. The defendant read the form and signed both the consent and the waiver portions of the form. During the pre-test interview the defendant told the polygraph technician that he discussed with the boys a recent trip of his to Las Vegas, and that he talked to the boys about "floating," an apparent relaxation technique. The boys had told the Sheriff's Office earlier that they had a conversation with the defendant on these two topics and that, while showing them a particular floating technique, the defendant touched their crotch areas.

The defendant told the polygraph technician during the pre-test interview that the boys had been drinking before they got into his car. The boys brought a bottle of whiskey with them to the car. After the boys got out of the car the defendant noticed that another bottle of whiskey he had been keeping in the back seat was missing. The defendant explained to the polygraph technician that he had not told the sergeant

Supreme Court to issue writs as provided in Section 3 of Article VI of the Colorado Constitution as amended. (See Rule 106, C.R.C.P., for remedial writs in the district court.) Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction or where the district court has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum.

3. Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

4. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

at the June 7 interview about the alcohol because he was confused by the sergeant's questions.

After administering the polygraph test the polygraph technician concluded that the defendant was not telling the truth. The polygraph technician informed him that he did not believe his story and asked the defendant if he could explain why his test came out the way it did. The defendant did not respond to the polygraph technician's comment.

On August 8, 1988, the Jefferson County District Attorney filed a complaint against the defendant charging him with two counts of class four felony sexual assault on a child, section 18–3–405, 8B C.R.S. (1986), two counts of class four felony enticement of a child, section 18–3–305, 8B C.R.S. (1986 & 1989 Supp.), one count of class one misdemeanor sexual assault in the third degree, section 18–3–404, 8B C.R.S. (1986),[5] and two counts of misdemeanor providing liquor to a minor, subsection 12–47–128(1)(a), 8B C.R.S. (1986).

The defendant filed a motion to suppress his statements and the trial court held a hearing on the motion. The trial court granted defendant's motion to suppress as to all statements made during the polygraph test, the pre-test interview, and the post-test interview. The trial court found that the statements were voluntarily given under the mistaken impression that they would be inadmissible at trial. The trial court also ruled *sua sponte* that the statements were inadmissible under C.R.E. 403 because the probative value of the statements was far outweighed by their unfair prejudice to the defendant.

## II.

The defendant contends that this court should dismiss the People's appeal because the statements are not a substantial part of the proof of the charges pending against the defendant. We disagree.

■ In an interlocutory appeal the People must certify to this court that the evi-

dence suppressed by the trial court "is a substantial part of the proof of the charge pending against the defendant." C.A.R. 4.1. The People filed in this court a certification in the proper form containing the necessary language required by C.A.R. 4.1.

Our independent review of the record provided on appeal convinces us that the statements suppressed by the trial court constitute a substantial part of the proof of the charges pending against the defendant because the credibility of the victims and the defendant will be of central importance to the trier of fact. *See People v. Harding*, 671 P.2d 975, 979 (Colo.App.1983), *aff'd in part, cert. dismissed in part*, 708 P.2d 1354 (Colo.1985) (certiorari not granted on question of substantial evidence test under C.A.R. 4.1).

## III.

We will consider first the issue raised by the interlocutory appeal of the trial court's suppression of the statements made by the defendant during the polygraph test.

■ To determine whether a statement is voluntary a court must evaluate the totality of the circumstances surrounding the making of the statement. *People v. Sparks*, 748 P.2d 795, 797 (Colo.1988); *People v. Cummings*, 706 P.2d 766, 769 (Colo. 1985); *People v. Raffaelli*, 647 P.2d 230, 235 (Colo.1982); *see also Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986); *Brown v. Illinois*, 422 U.S. 590, 598, 95 S.Ct. 2254, 2259, 45 L.Ed.2d 416 (1975).

■ The prosecution bears the burden of establishing by a preponderance of the evidence that the defendant's· statement was voluntary. *Cummings*, 706 P.2d at 769; *Raffaelli*, 647 P.2d at 235. The trial court must determine whether the statement was the "voluntary product of a free and deliberate choice rather than [the product of] intimidation, coercion, or deception." *Moran*, 475 U.S. at 421, 106 S.Ct. at 1141; *see Colorado v. Connelly*, 479 U.S. 157, 169–70, 107 S.Ct. 515, 523, 93 L.Ed.2d 473

---

**5.** Sections 18–3–404 and 18–3–405 were amended in 1989, after the events in this case oc-

curred. We therefore cite to the statutes in effect at the time of the events.

(1986) (the voluntariness of a *Miranda* waiver depends on the absence of police overreaching and coercion). The defendant should be aware of the rights he waives, *Burbine*, 475 U.S. at 421, 106 S.Ct. at 1141, but the fact the defendant may have a mistaken belief, or does not understand every possible consequence that may result from his waiver, does not negate the admissibility of the statement. *See Colorado v. Spring*, 479 U.S. 564, 573–74, 107 S.Ct. 851, 857, 93 L.Ed.2d 954 (1987); *Connecticut v. Barrett*, 479 U.S. 523, 530, 107 S.Ct. 828, 833, 93 L.Ed.2d 920 (1987).

### IV.

### (A)

■ In the present case the defendant was an intelligent, well-educated person. The defendant testified that he knew he did not have to take the polygraph examination. He testified he was nervous at the time of the examination but admitted he attended the examination voluntarily and of his own "free choice." The record shows without contradiction that the defendant understood his rights, was not confused or frightened by the examination, was not under the influence of medication or intoxicating liquor, was not threatened or coerced, and understood everything that was going on prior to, during, and after the polygraph examination.

### (B)

We held in *People v. Anderson*, 637 P.2d 354, 362 (Colo.1981), that evidence of polygraph *results* is per se inadmissible in a criminal trial. We reached this conclusion because of the inherent unreliability of polygraph *results*. Our analysis in

*Anderson* of the potential sources of unreliability in polygraph examinations did not lead us to conclude that all statements made in connection with polygraph examinations are involuntary. The factors that make the results of polygraph examinations unreliable and inadmissible do not necessarily apply to statements made to a polygraph technician during pre-examination interviews. *Cummings*, 706 P.2d at 770.

The uncontradicted credible evidence in the record does not support the trial court's finding that the defendant's statements to the polygraph examiner were inadmissible. *People v. Freeman*, 668 P.2d 1371, 1378 (Colo.1981). The defendant's mistaken belief that his statements were inadmissible does not vitiate their voluntariness. *Spring*, 479 U.S. at 574, 107 S.Ct. at 857; *Barrett*, 479 U.S. at 530, 107 S.Ct. at 833; *Oregon v. Elstad*, 470 U.S. 298, 316, 105 S.Ct. 1285, 1297, 84 L.Ed.2d 222 (1985). The pre-examination statements made by the defendant to the polygraph technician, if edited to remove references to the polygraph examination itself, are admissible if otherwise relevant to some issue in this case. *See United States v. McDevitt*, 328 F.2d 282 (6th Cir.1964); *Cummings*, 706 P.2d at 769; *People v. Tarsia*, 50 N.Y.2d 1, 8–10, 405 N.E.2d 188, 191–92, 427 N.Y.S.2d 944, 948–49 (1980).

### V.

### (A)

We issued an order to show cause why the trial court should not be prohibited from excluding the defendant's statement under the provisions of CRE 403.[6] In its suppression order,[7] the trial court ruled

---

6. CRE 403 is identical to Fed.R.Evid. 403.

7. The trial court made the following references to CRE 403 in its Order Suppressing Statements:

 The Court finds that the defendant's reasonable expectation after consulting counsel and voluntarily making himself available for interrogation by Mr. Key was that all questions asked during that interview, not only preliminarily, but during the hookup and after the hookup, would be inadmissible in court, and, therefore, the Court finds that the answers

given by the defendant during that interview, both before the hookup, during the hookup, and after the hookup, were given in a mistaken belief that such answers would be inadmissible and with the reasonable expectation that such answers would be inadmissible in court, and, in making this determination, the Court is mindful of the rule 403 of the Colorado Rules of Evidence which requires evidence to be excluded if its probative value is substantially outweighed by the danger of unfair prej-

*sua sponte* that the defendant's statements were inadmissible under CRE 403 because their probative value was substantially outweighed by the danger of unfair prejudice.

To determine whether the rule to show cause should be made absolute as to the proffered evidence, we begin by applying the three-tiered analysis outlined in *People v. Carlson*, 712 P.2d 1018 (Colo.1986), to resolve relevance challenges. Relevant evidence is defined in CRE 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

> In resolving an issue of relevancy, a court must first ask whether the proffered evidence relates to a fact "that is of consequence to the determination of the action," CRE 401—in other words, whether the proferred [sic] evidence is legally material to some factual issue in the case. If this question is answered in the negative, the evidence is simply inadmissible as having no bearing whatever on any issue in the case. If this initial question is answered in the affirmative, the next question centers on the matter of logical relevancy. The appropriate inquiry here is whether, as provided in CRE 401, the evidence makes the existence of a consequential fact "more probable or less probable than it would be without the evidence." If the proffered evidence is not logically relevant, the inquiry is at an end and the evidence should not be admitted. If, on the other hand, the evidence is logically relevant to a consequential fact, a third question must then be addressed—that is, whether under CRE 403 the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

*People v. Carlson*, 712 P.2d at 1021–22.

### (B)

■ The proffered evidence in this case consisted of statements the defendant made to the polygraph technician. It is uncontradicted that the proffered evidence is legally material to factual issues in the case and makes the existence of a consequential fact more probable than it would be without the evidence. *Carlson*, 712 P.2d at 1022. The defendant's statements concerning the liquor and floating corroborate the victims' statements to the police, making the existence of a consequential fact more probable.

■ We must next consider the court's finding that the defendant's statements were inadmissible because their probative value was substantially outweighed by the danger of unfair prejudice. Although trial courts have broad discretion in determining probative standards, that discretion is not unlimited. *Vialpando v. People*, 727 P.2d 1090, 1095 (Colo.1986); *People v. Lowe*, 660 P.2d 1261, 1264 (Colo.1983). The thrust of Rule 403 favors admissibility. *United States v. Moore*, 732 F.2d 983, 989 (D.C.Cir. 1984) (holding testimony not unfairly prejudicial within the meaning of 403; "the balance should generally be struck in favor of admission when evidence indicates a close relationship to the event charged"); *United States v. Dennis*, 625 F.2d 782, 797 (8th Cir.1980) ("balance should be struck in favor of admissibility"). The trial court should provide a clear statement of its reasons for excluding evidence under Rule 403 to allow counsel an opportunity to obviate the objection. *United States v. Jamil*, 707 F.2d 638, 642 (2d Cir.1983).

The rule against unfair prejudice requires that trial courts weigh the danger of unfair prejudice against the probative value of the evidence. Rule 403 requires that the probative value of evidence in question be "substantially outweighed" by the danger of unfair prejudice, and variously phrased judicial formulations of the unfair prejudice rule contain the same requirement. "This requirement is meant to make clear that the need for exclusion must be clear since exclusion is a drastic remedy and less restrictive measures, such as cautionary instructions to the jury, may suffice to reduce the danger of prejudice to an acceptable level." 1 J. Wigmore & P. Till-

udice, confusion of the issues, or misleading the jury.

ers, *Wigmore on Evidence* § 10A, at 680 (1983).

 The trial court should not exclude proffered evidence as unfairly prejudicial simply because it damages the defendant's case. All effective evidence is prejudicial in the sense of being damaging or detrimental to the party against whom it is offered. *United States v. Chalan*, 812 F.2d 1302, 1308 (10th Cir.1987); *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir.1981), *aff'd on other grounds sub nom. Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Proffered evidence which calls for exclusion as unfairly prejudicial is given a more specialized meaning of an undue tendency to suggest a decision on an improper basis, commonly but not necessarily an emotional one, such as sympathy, hatred, contempt, retribution, or horror. *United States v. Schrock*, 855 F.2d 327, 334–35 (6th Cir.1988) (holding in a prosecution for conspiracy to distribute methamphetamine that the trial court did not err in permitting a witness to testify to a speed transaction without accompanying scientific evidence identifying "speed" as "methamphetamine." "Unfair prejudice as used in Rule 403, does *not* mean the damage to a defendant's case that results from legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." (Emphasis in original.)); *United States v. Zeuli*, 725 F.2d 813, 817 (1st Cir.1984) (holding in a prosecution for extortion that the trial court did not abuse its discretion in admitting evidence of defendant's possible involvement in a separate extortion scheme. The court noted that unfair prejudice should only require exclusion where the evidence will excite emotions of the jury to irrational behavior); *People v. Ojedu*, 745 P.2d 274, 276 (Colo.App.1987); M. Graham, *Handbook of Federal Evidence* § 403.1 at 183–84 (2d ed. 1986). The proffered statements of the defendant in this case did not tend to suggest a decision on an improper basis or unreasonably excite the emotion of the jury to irrational behavior. *United States v. Schrock*, 855 F.2d at 334–35; *Zeuli*, 725 F.2d at 817.

On appeal the trial court's exercise of discretion on relevancy questions is limited because we must "assume" the maximum probative value that a reasonable fact-finder might give the evidence and the minimum unfair prejudice to be reasonably expected. *Lowe*, 660 P.2d at 1264; *People v. Robinson*, 713 P.2d 1333, 1336 (Colo.App. 1985); *see Ojedu*, 745 P.2d at 276. If the defendant's statements to the polygraph technician are edited to remove all reference to the polygraph examination, they will not be characterized by the *unfair* prejudice required to make evidence excludable under CRE 403. *Cummings*, 706 P.2d at 771.

We reverse the trial court's suppression of the statements, make the rule absolute as to the trial court's exclusion of the proffered statements under CRE 403, and remand to the trial court for further proceedings.