The PEOPLE of the State of
Colorado, Petitioner,

v.

Terry Dwayne GIBBENS, Respondent.

No. 94SC428.

Supreme Court of Colorado,
En Banc.

Nov. 6, 1995.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Catherine P. Adkisson, Assistant Attorney General, Criminal Enforcement Section, Denver, for Petitioner.

Alan J. Dunn, Wheat Ridge, for Respondent.

Justice LOHR delivered the Opinion of the Court.

The defendant, Terry Dwayne Gibbens, was tried by a jury and convicted of aggravated incest against his son. On appeal, the Colorado Court of Appeals concluded that the trial court erred in admitting into evidence a tape recorded conversation involving the defendant, the boy, and the boy's mother. *People v. Gibbens,* No. 92CA1804 (Colo.App. May 12, 1994) (not selected for publication). The court of appeals reversed the judgment and remanded the case for a new trial. We granted certiorari to determine whether the court of appeals erred in reversing the trial court's ruling that the tape was admissible pursuant to CRE 403 because its probative value outweighed the danger of unfair prejudice. We hold that the trial court did not abuse its discretion in admitting the tape into evidence. We therefore reverse the judgment of the court of appeals and remand the case to that court with directions to reinstate the trial court's judgment of conviction.

### I. Facts and Procedural History

In May 1991, the defendant's wife contacted the Department of Social Services and expressed her suspicion that the defendant had been sexually abusing their seven-year-old son.[1] After an investigation, the defendant was charged in the Jefferson County District Court with one count of aggravated incest, § 18–6–302, 8B C.R.S. (1986 & 1995 Supp.). In November 1991, the trial court granted the prosecution's motions to add charges of habitual sexual offender against children, § 18–3–412, 8B C.R.S. (1986); sexual assault on a child as a pattern of abuse, § 18–3–405, 8B C.R.S. (1986 & 1995 Supp.); and intimidating a witness, § 18–8–704, 8B C.R.S. (1986 & 1995 Supp.). The defendant was acquitted in a separate trial in December 1991 on the count of intimidating a witness. A mistrial was declared in April 1992 on the other three counts as a result of a hung jury. Prior to retrial, the trial court granted the prosecution's motion to dismiss the charge of sexual assault on a child as a pattern of abuse.

The defendant was retried on the aggravated incest and habitual sexual offender against children charges in July 1992. The prosecution based its case against the defendant on the testimony of the child and family members and professionals to whom the child

---

1. The boy was seven years old at the time his mother contacted the Department of Social Services about the suspected abuse. Although the record is not entirely clear concerning the timing of the abuse, the relevant incidents apparently occurred while the child was between four and six years of age.

had spoken. The defendant's theory of the case was that the allegations made by his son were untrue and were the products of undue influence, pressure, and coercion brought to bear upon the child, specifically by the child's mother and half-sister. The defendant supported his contention with evidence of the child's tendency to vacillate and recant in making the allegations.

During the course of the eight-day trial, both sides presented substantial testimony relative to the alleged acts of abuse and the presence or absence of undue influence by either or both parents. The tape at issue in this appeal was introduced into evidence at the instance of the prosecution in order to show that the mother did not unduly influence the child.

The tape was made by the defendant in March 1990, after the defendant became aware that he was about to be served with a restraining order obtained by the child's mother. The defendant testified that he made the tape because he was angry with the Department of Social Services for putting pressure on the mother to obtain the restraining order, and that he wanted to give the tape to Channel Nine News, presumably to publicize the conduct of the Department of Social Services. The tape consists of a conversation between the defendant and his son, then seven years old, in which the boy often cries as the defendant asks him how he feels about his parents, how his parents have treated him, how he was treated while he was in foster care, and how he feels about being taken away from the defendant by the Department of Social Services. The child often speaks of his love for the defendant and how he does not want the defendant to be taken away. The mother interrupts several times during the taped conversation, and once can be clearly heard telling the defendant to stop because the boy was upset. In each case, the defendant continues questioning the child.

The tape was played at the close of the prosecution's redirect examination of the child's mother,[2] and references to the tape occupied a relatively brief portion of the mother's extensive testimony. The defense objected to the admission of the tape on the grounds that it was irrelevant and prejudicial. In allowing the prosecution to play the tape, the trial court ruled that the tape was relevant to the issue of possible undue influence of the parents on the child. The court held that the probative value of the tape was sufficient, with an accompanying limiting instruction, to outweigh any potential prejudice to the defendant from admission of the evidence. The trial court gave the following limiting instruction to the jury, to which neither the prosecution nor the defense objected:

> Jurors, you are about to hear certain evidence for a limited purpose. I am going to allow a tape recording to be played to you and this tape recording is admitted to assist you in determining whether or not [the boy] has been influenced. You may not consider such evidence for any purpose other than the limited purpose for which it's being admitted. And you are specifically admonished that the defendant is entitled to be tried for the crime charged in this case and for no other crime or misconduct.

The trial court did not allow the jury to bring a copy of the tape into the jury room during deliberations.

The jury found the defendant guilty of one count of aggravated incest, § 18–6–302, 8B C.R.S. (1986 & 1995 Supp.).[3] On appeal, the court of appeals concluded that the trial court erred in admitting the tape into evidence. *People v. Gibbens*, No. 92CA1804, slip op. at 5 (Colo.App. May 12, 1994) (not

---

**2.** The subject of the tape first arose during the prosecution's direct examination of the child. In response to a question on another topic, the boy spontaneously mentioned the tape and briefly described it as being a recording of him crying and talking about missing his dad. The defense subsequently raised the issue of the tape with the mother on cross-examination in an attempt to show that, contrary to her testimony in the previ-

ous trial, she had hidden the tape for her own future use. The defense did not address the content of the tape during this cross-examination.

**3.** The habitual sexual offender against children charge was dismissed on the motion of the defendant at the conclusion of the prosecution's case.

selected for publication). The court of appeals reasoned that the tape was only marginally relevant to the issues of whether the defendant sexually abused his son and whether the mother exercised undue influence over the child. The court concluded that the tape portrayed the defendant as "a man of bad character who was totally insensitive to the emotional pain his son was experiencing as a result of the breakup of the family." *Id.* at 4. The court held that the evidence could be damaging to the defendant's credibility, while in no way being probative of whether sexual assaults occurred.[4] The court therefore reversed the trial court's judgment and remanded the case for a new trial. *Gibbens,* slip op. at 5.

## II. *CRE 403 Analysis*

The prosecution contends that this court should reverse the judgment of the court of appeals and reinstate the judgment of conviction because the trial court did not abuse its discretion in admitting the tape into evidence. We agree.

■ Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." CRE 401; *accord, e.g., People v. Lowe,* 660 P.2d 1261, 1264 (Colo.1983). In the present case, the question of whether either the mother's or the father's influence over the child may have accounted for the child's vacillations and recantations in making the allegations was a central issue. The tape was introduced to assist the jurors in determining whether the boy had been influenced by one or both of his parents. Therefore, the trial court correctly ruled that the tape recording was relevant.

■ CRE 403 states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Under CRE 403, trial

courts are given broad discretion in balancing the probative value of the evidence against the danger of unfair prejudice. *People v. Ibarra,* 849 P.2d 33, 38 (Colo.1993); *People v. Huckleberry,* 768 P.2d 1235, 1242 (Colo.1989). Absent an abuse of discretion, a trial court's ruling concerning the relative probative value and prejudicial impact of the evidence will not be disturbed on review. *People v. District Court of El Paso County,* 869 P.2d 1281, 1285 (Colo.1994).

■ CRE 403 strongly favors admissibility of relevant evidence, *District Court of El Paso County,* 869 P.2d at 1286, and "the balance should generally be struck in favor of admission when evidence indicates a close relationship to the event charged." *People v. District Court,* 785 P.2d 141, 146 (Colo.1990) (quoting *United States v. Moore,* 732 F.2d 983, 989 (D.C.Cir.1984)). Thus, when reviewing a trial court's exercise of discretion in performing the balancing required by CRE 403, an appellate court must afford the evidence the maximum probative value attributable by a reasonable fact finder and the minimum unfair prejudice to be reasonably expected. *District Court of El Paso County,* 869 P.2d at 1285–86; *District Court,* 785 P.2d at 147; *Lowe,* 660 P.2d at 1264. To show an abuse of discretion for exclusion of relevant evidence, an appellant must establish that, under the circumstances, the trial court's decision was "manifestly arbitrary, unreasonable, or unfair." *Ibarra,* 849 P.2d at 38; *King v. People,* 785 P.2d 596, 603 (Colo.1990). An appellant must meet the same rigorous standard to show an abuse of discretion based on an allegedly erroneous admission of relevant evidence. *People v. Czemerynski,* 786 P.2d 1100, 1108 (Colo.1990).

In the present case, the trial court could have reasonably concluded that a recording of actual interaction between the child and his parents had significant probative value on the undue influence issue. That issue was raised and argued by both sides during the

4. The court of appeals also noted that the admission of the tape appeared to be a violation of CRE 608(b), which prohibits the introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking or supporting credibility. Our grant of certiorari was limited

to a review of the trial court's ruling under CRE 403. We note, however, that in light of our conclusion that the tape was relevant on issues other than credibility, CRE 608(b) would not bar admission of the tape.

trial. The tape provided the jury with relevant information to help clarify the conflicting testimony of the parents themselves and the often confusing testimony of the boy who, even at the time of trial, continued to vacillate and recant allegations.

 The trial court's determination that the potential prejudicial impact of the tape on the defendant did not outweigh its probative value [5] was within the court's discretion. Rule 403 protects the parties against the danger of unfair prejudice. Unfair prejudice does not mean prejudice that results from the legitimate probative force of the evidence. *District Court of El Paso County*, 869 P.2d at 1286; *District Court*, 785 P.2d at 147. Although the tape reflects poorly on the defendant's skills as a parent, the trial court could have reasonably concluded that the potential prejudice was not unfair. The reason that the tape is probative—it highlights the defendant's willingness and ability to exert influence over his son against his wife's protests—is essentially the same reason asserted by the defendant to support suppressing the tape as prejudicial. Any prejudicial effect, therefore, results from the legitimate probative force of the evidence.

Furthermore, unfair prejudice refers to "an undue tendency on the part of admissible evidence to suggest a decision made on an improper basis." *District Court of El Paso County*, 869 P.2d at 1286. Thus, undue prejudice can result from the tendency of proffered evidence "to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, such as the jury's bias, sympathy, anger or shock." *Id.* The testimony and other evidence presented in this case was extensive, and much of what was properly admitted could well have adversely affected the jury's perception of the defendant's character. The tape occupied a relatively brief portion of an entire day of testimony by the mother, and the defendant had the opportu-

nity to address the issue of the tape throughout the trial. Viewed in this context, admission of the tape did not create an unreasonable risk that the jury would base its decision on extraneous considerations. Accordingly, the trial court acted within the bounds of its discretion when it determined that any potential prejudice could be sufficiently mitigated by the limiting instruction provided to the jury.

Assuming the maximum probative value that a reasonable fact finder might give the evidence and the minimum unfair prejudice to be reasonably expected, we cannot say that the trial court's ruling was manifestly arbitrary, unreasonable, or unfair. Accordingly, we hold that the trial court did not abuse its discretion in admitting the tape into evidence. We therefore reverse the judgment of the court of appeals and remand the case to that court with directions to reinstate the trial court's judgment of conviction.

---

5. The trial court's ruling did not employ the language of the standard in CRE 403. The court concluded that the evidence was relevant but had "some potential to be prejudicial," because "many would find the conduct of the defendant to be pretty outrageous." The court determined that the evidence could be received if the above-

quoted limiting instruction was given. *See supra* p. 5. We interpret the trial court's ruling as a determination that the evidence was admissible under a standard more restrictive than that of CRE 403, which requires admission of evidence unless prejudicial effect *substantially* outweighs probative value.