The PEOPLE of the State of Colorado, Plaintiff–Appellee and Cross–Appellant,

v.

William Sean CONEY, Defendant–Appellant and Cross–Appellee.

No. 02CA1370.

Colorado Court of Appeals, Div. II.

April 22, 2004.

Rehearing Denied June 17, 2004.

Certiorari Denied Oct. 18, 2004.

Jeanne M. Smith, District Attorney, Gordon R. Denison, Deputy District Attorney, Doyle Baker, Deputy District Attorney, William B. Bain, Deputy District Attorney, Colorado Springs, Colorado; Ken Salazar, Attorney General, Wendy J. Ritz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Hruby Law Firm, LLC, Jeffrey D. Hruby, Littleton, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Justice WILLIAM H. ERICKSON.*

Defendant, William Sean Coney, appeals the judgment of conviction entered upon jury verdicts finding him guilty of murder in the first degree after deliberation, felony murder, two counts of kidnapping, two counts of aggravated intimidation of a witness, two counts of retaliation against a witness, and one count of accessory to a crime. The People cross-appeal the trial court's ruling barring the deceased victim's father from the courtroom after he had testified. We affirm the judgment and disapprove the ruling.

According to the prosecution's evidence, and as relevant here, prior to the murder at issue in this case, defendant had three drug cases pending. Defendant was determined to find the informant who turned him in, and he "made friends with" the victim to find out whether she was "the one doing it." He accused numerous persons, including the victim, of being the "snitch."

The victim came to defendant's house, where defendant and codefendant were manufacturing methamphetamine. She was "raising hell," high on methamphetamine, and screaming she was not a "narc."

Later that night, codefendant heard defendant's wife say "Get this bitch out of here." At that point codefendant went to the kitchen, picked up the victim, who was "wasted drunk," and put her down next to a car parked in the driveway. Defendant then hit the victim on the head with a bat, and she fell down. Codefendant returned to the garage and, when he looked outside, saw a hose going into the back window of the car and a tarp covering the car. Defendant came into the garage, got into the car, and drove away.

Defendant drove to his girlfriend's house, woke her up, and told her the victim was "acting crazy" at his house. Defendant took his girlfriend for a drive in the car, stopped it at a remote location, pulled the victim out, and put her body in a drainage ditch. While driving home, defendant told his girlfriend they had beaten the victim, poured acid on her, and tried to poison her with carbon monoxide. Defendant told his girlfriend not to say anything or "she would end up there too," which she understood to mean that she, like the victim, would end up in the ditch.

Four witnesses, who spoke with defendant at various times, testified that defendant confessed to murdering the victim.

Following a jury trial, defendant was found guilty as charged. This appeal followed.

I.

Defendant first contends the trial court committed prejudicial error by permitting testimony relating to his pending drug cases. We disagree.

"Criminal occurrences do not always take place on a sterile stage," and where the events leading up to the crimes charged are part of the scenario that explains the setting in which the crimes occurred, "no error is committed by permitting the jury to view the criminal episode in the context in which it happened." *People v. Czemerynski,* 786 P.2d 1100, 1109 (Colo.1990)(quoting *People v. Lobato,* 187 Colo. 285, 289–90, 530 P.2d 493, 496 (1975)). Evidence of other offenses or acts that are part and parcel of the charged of-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2003.

fenses is admissible as res gestae. *People v. Martinez,* 24 P.3d 629 (Colo.App.2000).

Res gestae evidence can include prior criminal episodes that provide necessary background for the charged offense. *People v. Bernabei,* 979 P.2d 26 (Colo.App. 1998). Such evidence is not subject to the procedural requirements of CRE 404(b) and may be admitted without a limiting instruction. *People v. Lucas,* 992 P.2d 619 (Colo. App.1999). However, before admitting res gestae evidence, the trial court must find that its probative value is not substantially outweighed by the danger of unfair prejudice. *People v. Rollins,* 892 P.2d 866 (Colo. 1995); CRE 403.

A trial court has substantial discretion in deciding questions concerning the admissibility of evidence. Thus, a trial court's ruling related to the admission of evidence will not be overturned absent an abuse of discretion. *People v. Rivers,* 70 P.3d 531 (Colo.App.2002).

Here, the trial court reasoned that the evidence gave the jury an "understanding of the context of other statements made by other witnesses." Further, to establish the elements of the charged crimes of intimidation of a witness and retaliation against a witness, the prosecution had to show that defendant believed the victim was going to be a prosecution witness in one or more of defendant's pending drug cases. *See* §§ 18–8–704, 18–8–705, 18–8–706, C.R.S.2003. Thus, the existence of the pending cases was evidence of that element.

We conclude the trial court did not abuse its discretion in allowing evidence of defendant's drug arrests as res gestae because defendant's pending drug cases, and his concern about finding the "snitch" who had turned him in, were inextricably intertwined with the charged crimes. Without some understanding that defendant had drug charges pending, the jury would have been unable to understand fully his preoccupation with finding the snitch. Likewise, defendant's own statements concerning his relationship with the victim, and the effects of his drug arrests on that relationship, provided necessary background for the jury.

This evidence was necessary to complete the description of the criminal episode for the jury and was therefore properly admitted as res gestae. *See Williams v. People,* 724 P.2d 1279 (Colo.1986); *Bernabei, supra; People v. Fears,* 962 P.2d 272 (Colo.App.1997).

## II.

Next, defendant argues that the trial court committed plain error by failing sua sponte to give a limiting instruction contemporaneously with the admission of evidence of his prior arrests. We disagree.

This evidence was properly admitted as res gestae and thus could be admitted without a limiting instruction. *See People v. Quintana,* 882 P.2d 1366 (Colo.1994); *People v. Lucas, supra.*

## III.

Defendant also argues that, because testimony concerning a "snitch list" was irrelevant and unduly prejudicial, the trial court erred in allowing it. We disagree.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." CRE 403; *People v. Gibbens,* 905 P.2d 604, 607 (Colo. 1995). However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. CRE 401; *People v. Dist. Court,* 785 P.2d 141 (Colo.1990).

Unfair prejudice refers to "an undue tendency on the part of admissible evidence to suggest a decision made on an improper basis." *Gibbens, supra,* 905 P.2d at 608 (quoting *People v. Dist. Court,* 869 P.2d 1281, 1286 (Colo.1994)). Evidence is not unfairly prejudicial simply because it damages the defendant's case. "All effective evidence is prejudicial in the sense of being damaging or detrimental to the party against whom it is offered." *Masters v. People,* 58 P.3d 979, 1001 (Colo.2002) (quoting *People v. Dist. Court, supra,* 785 P.2d at 147).

The trial court has considerable discretion in applying the balancing test set forth in CRE 403, and we will not disturb its ruling on appeal absent an abuse of discre-

tion. *Masters v. People, supra.* To demonstrate an abuse of discretion, a defendant must show the trial court's decision was manifestly arbitrary, unreasonable, or unfair. *Masters, supra.* On review, we must give the evidence the maximum probative value attributable by a reasonable fact finder and the minimum unfair prejudice to be reasonably expected. *People v. Kenny,* 30 P.3d 734 (Colo.App.2000).

Here, in pretrial motions, the trial court overruled defendant's objection to the admission of the "snitch list," noted that the list's prejudicial value was "significantly less than [defendant's] arrests on those prior dates," and pointed out that "the victim is not on the snitch list anyway."

We conclude that this decision was not manifestly arbitrary, unreasonable, or unfair. At trial, the prosecution's theory was that defendant killed the victim because he thought she was a "snitch." The "snitch list" evidence was relevant to defendant's intent and state of mind at the time of the murder, because it demonstrated his preoccupation with finding the person who had turned him in to the police. Accordingly, this evidence was relevant and probative of defendant's motive and thus was properly admissible at trial.

### IV.

■ Defendant also argues the trial court committed reversible error by allowing a records clerk employed by the El Paso County Sheriff's Office to serve as a juror. He asserts this juror was ineligible to serve on a jury in any criminal proceeding. We are not persuaded.

Section 16–10–103(1)(k), C.R.S.2003, provides that a trial court shall sustain a challenge for cause if the juror is a compensated employee of a public law enforcement agency or a public defender's office.

■ However, it is incumbent upon the challenging party to state clearly on the record the particular ground on which a challenge for cause is made. *People v. Russo,* 713 P.2d 356, 360 (Colo.1986). Although some cases have upheld a trial court's sua sponte excusal of a juror, *see People v. Evans,* 987 P.2d 845 (Colo.App.1998), *overruled on other grounds by People v. Lefebre* 5 P.3d

295 (Colo.2000), we are aware of no authority that requires the trial court to do so. *See, e.g., Phillips v. State,* 275 Ga. 595, 571 S.E.2d 361 (2002)(trial court did not err by failing to excuse, sua sponte, prospective juror who was not challenged for cause by defense); *People v. Metcalfe,* 202 Ill.2d 544, 270 Ill.Dec. 69, 782 N.E.2d 263 (2002)(trial court does not owe a duty sua sponte to excuse juror for cause in the absence of a defendant's challenge for cause or exercise of a peremptory challenge).

Here, both the prosecution and defense counsel had the opportunity to question the prospective juror. Although the prospective juror disclosed her employment by the sheriff's office, neither side challenged her for cause. The trial court thus did not err in failing sua sponte to excuse her.

### V.

■ Finally, defendant argues that his counsel was ineffective in representing him at trial. We disagree.

■ To prevail on a claim of ineffective assistance of counsel, a defendant must affirmatively show that his or her attorney's performance fell below the standard of professional reasonableness and that such performance prejudiced the defense. To prove prejudice, the defendant must show a reasonable probability that, but for such deficient performance, the outcome at trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Davis v. People,* 871 P.2d 769 (Colo. 1994).

■ If a defendant fails to prove prejudice resulting from counsel's performance, the reviewing court need not consider whether such performance was deficient. *Davis, supra,* 871 P.2d at 779.

Defendant bases his ineffective assistance claim primarily on his counsel's alleged failure to "vigorously attack the testimony and conclusions of the expert witnesses for the prosecution on the victim's cause of death or otherwise rebut the testimony with expert witnesses of their own." He also argues that defense counsel should have rebutted the prosecution's expert witnesses' testimony and

provided the jury with an alternative theory of the victim's death. However, defendant does not suggest what that alternative theory would be and how it would have convinced the jury that he was not guilty.

We conclude defendant failed to demonstrate prejudice. Accordingly, we need not consider whether defense counsel's performance was deficient.

## VI.

On cross-appeal, the People argue that the trial court erred in barring, pursuant to CRE 615, the deceased victim's father from attending trial after his testimony was complete. Specifically, the prosecution argues that article II, § 16a of the Colorado Constitution and § 24–4.1–302.5, C.R.S.2003, of the victims' rights act take precedence over CRE 615 regarding witness sequestration. We agree.

Article II, § 16a and § 24–4.1–302.5(1)(b), C.R.S.2003, provide, as relevant here, that the victim's surviving immediate family members have the right to be present at all critical stages of the criminal justice process. The critical stages include the trial. Section 24–4.1–302(2)(g), C.R.S.2003.

CRE 615 generally provides that, with limited exceptions, witnesses may be excluded from the courtroom "so that they cannot hear the testimony of other witnesses."

Here, the victim's father was the prosecution's opening witness. His brief testimony consisted of the following: he identified a prosecution photograph of his daughter; he testified that she was thirty-nine years old and he last saw her in 1998; and he described a visit from sheriff's deputies who obtained samples from him and his wife for DNA testing.

As the victim's father was being excused, the trial court held a bench conference and inquired whether the defense objected to the father's remaining in the courtroom based on CRE 615 and a balancing test. The People stated that they were not planning on calling him again. Defense counsel objected, and the trial court ruled that the father could not remain.

We disapprove the trial court's ruling. The mandate contained in article II, § 16a and § 24–4.1–302.5 permitted the victim's father to remain in the courtroom. CRE 615 does not provide authority for departing from the constitution and statute.

Accordingly, the judgment is affirmed, and the ruling is disapproved.

Judge ROTHENBERG and Judge NIETO concur.