**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM SEAN CONEY,

      Petitioner - Appellant,

v.

ARISTEDES ZAVARAS, Executive
Director; COLORADO
DEPARTMENT OF CORRECTIONS;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 09-1418
(D.C. No. 07-CV-01407-WYD)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

      Defendant-Appellant William Sean Coney, a Colorado state inmate

proceeding pro se, seeks a certificate of appealability (COA) to appeal the district

court's denial of his 28 U.S.C. § 2254 motion.  Because Mr. Coney has not made

"a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), we deny his request for a certificate of appealability (COA) and

dismiss the appeal.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

      In 2001, a jury convicted Mr. Coney of murder, felony murder, retaliation

against a witness, and other related charges. <u>People v. Coney (Coney I)</u>, 98 P.3d 930, 932 (Colo. Ct. App. 2004). The state court sentenced him to life in prison without parole plus 30 years. 1 R. at 5, 53. In 2007, Mr. Coney filed a federal habeas petition asserting eight claims:

       1. that the state trial court erred in allowing evidence of his prior drug arrests to be heard by the jury;

       2. that the state trial court erred by failing to give a contemporaneous limiting instruction when evidence of his prior drug arrests was admitted at trial;

       3. that the state trial court erred by admitting a "snitch list" and related testimony into evidence at trial;

       4. that the state trial court erred in allowing a records clerk employed by the El Paso County Sheriff's Office to serve as a juror;

       5. that trial counsel was ineffective and violated his constitutional rights to counsel and due process;

       6. that his constitutional rights to due process, equal protection, and a fair trial by an impartial jury were violated when the state trial court allowed the case to go to a second trial after granting a defense motion for mistrial based upon discovery violations, and that the second trial violated double jeopardy protections;

       7. that his constitutional rights to due process, equal protection, and a fair trial were violated when trial counsel confessed Mr. Coney's guilt during opening statement and closing argument; and

       8. that there was insufficient evidence to support his convictions of first-degree murder, felony murder, conspiracy to commit first-degree murder, kidnapping, aggravated intimidation of a witness, conspiracy to commit aggravated intimidation of a witness, retaliation against a witness, and conspiracy to commit retaliation

against a witness.

Coney v. Zavaras (Coney III), No. 07-cv-01407-WYD, 2009 WL 2868825, at *2 (D. Colo. Sept. 3, 2009); 1 R. at 4-51.  In a well-crafted order, the district court denied the petition and dismissed the action with prejudice, finding that claims one, two and three were presented to the state courts as state-law evidentiary claims and were therefore unexhausted, and that claims six and eight were unexhausted based upon an express state procedural bar (a failure to raise them on direct appeal).  Coney III, 2009 WL 2868825, at *3-5.  Finding that Mr. Coney could not now raise these claims in the state courts, the district determined that he had not demonstrated cause and prejudice or a fundamental miscarriage of justice which would excuse state procedural bar; accordingly, the claims were procedurally barred.  Id. at *5-6.  Applying the deferential standards of review of § 2254(d)(1) & (2) and the presumption that state court findings are correct, § 2254(e)(1), the district court rejected claims four, five and seven on the merits. Id. at *6-11.

To make a substantial showing of the denial of a constitutional right, Mr. Coney was required to show that the district court's resolution of one or more of his claims was reasonably debatable and deserving of encouragement to proceed further.  Slack, 529 U.S. at 484.  As to the claims rejected on the merits, Mr. Coney is required to demonstrate that the district court's resolution was "debatable or wrong."  Id.  As to any claim rejected on procedural grounds, he is

required to show that the validity of the district court's procedural ruling is reasonably debatable, as is the underlying constitutional claim presented in the petition. Id.

On appeal, Mr. Coney argues that the district court erred in dismissing several claims as procedurally barred and others on the merits. We have reviewed the record and conclude that a plain procedural bar is apparent as to claims one, two, three, six, and eight, as well as the equal protection component of his fourth claim. See id. (where a plain procedural bar is apparent, a COA should be denied). Additionally, the district court's analysis on the remaining claims decided on the merits is not reasonably debatable. These conclusions follow from the record, therefore, an evidentiary hearing was unnecessary. Schiro v. Landrigan, 550 U.S. 465, 474 (2000).

We DENY a COA, DENY IFP as moot, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge