**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Henry L. WHITLEY, Defendant–Appellant.**

**No. 97CA1096.**

Colorado Court of Appeals, Div. III.

June 10, 1999.

As Modified on Denial of Rehearing Sept. 23, 1999.*

Certiorari Granted May 1, 2000.

* Jones, J., would *GRANT*.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Denver, Colorado (On the Briefs); Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McClachlan, Solicitor General, Robert M. Russel, First Assistant Attorney General, Heidi L. Beeson, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Henry L. Whitley, appeals from the judgment of conviction entered on jury verdicts finding him guilty of one count of possession of a schedule II controlled substance (cocaine) with intent to distribute and one count of distribution or sale of a schedule II controlled substance. We affirm.

The evidence at trial established that defendant sold cocaine to an undercover police officer. Defendant was sentenced as a prior offender under § 18–18–405(2)(a)(II), C.R.S. 1998.

## I.

Defendant first argues that there was insufficient evidence presented to sustain the jury's verdict because, under § 18–18–405(2)(a)(II), the question whether he had previously been convicted of possession of a controlled substance with intent to sell was an issue which had to be proven beyond a reasonable doubt and decided by the jury. We disagree and conclude that § 18–18–405(2)(a)(II) is a sentence enhancement provision which was properly determined by the trial court.

Section 18–18–405(1)(a), C.R.S.1998, provides that it is unlawful for any person knowingly to distribute, or possess with the intent to distribute, any controlled substance. Subject to certain exceptions not applicable here, § 18–18–405(2)(a)(I), C.R.S.1998, provides that the offense is a class four felony. However, § 18–18–405(2)(a)(II) provides that the offense is a class two felony if the violation is committed subsequent to a prior conviction for a violation of § 18–18–405(1)(a).

■ This statutory provision establishes a sentencing enhancer, and not a substantive offense, because: (1) the defendant may be convicted of the underlying offense without any proof regarding the sentencing enhancer; and (2) the sentencing enhancement provision increases the potential punishment. *Vega v. People,* 893 P.2d 107 (Colo.1995), *cert. denied,* 516 U.S. 889, 116 S.Ct. 233, 133 L.Ed.2d 161 (1995).

There are three types of sentence enhancing provisions in Colorado.

■ The first includes those which increase the level of punishment based on the existence of statutorily specified factual circumstances that are connected to the commission of the crime itself. Although such sentence enhancement factors are not elements of the offense, they nevertheless must be determined by a jury and must be proven beyond a reasonable doubt. *See People v. Leske,* 957 P.2d 1030 (Colo.1998) (in prosecution for child sexual abuse by one in a position of trust, proof that the victim was less than fifteen years of age is a sentence enhancement provision which raises the felony classification); *Armintrout v. People,* 864 P.2d 576 (Colo.1993) (where statute raised second degree burglary from a class four felony to a class three felony if burglary was of a "dwelling," provision was sentence enhancer requiring proof beyond a reasonable doubt); *People v. Bowring,* 902 P.2d 911 (Colo.App.1995) (proof that child sexual assault was committed as part of a "pattern of abuse" is a sentence enhancement provision that elevates the felony classification and requires proof beyond a reasonable doubt); § 16–11–309(5), C.R.S.1998 (by its terms, statute requires a separate finding by the jury of whether defendant used or possessed and threatened to use a deadly weapon); *see also Vega v. People, supra* (discussing the

due process limitations on the ability of states to reclassify factual components of existing crimes as sentence enhancers in order to evade the constitutionally-mandated burden of proof beyond a reasonable doubt applicable to elements of a substantive offense).

The second type of sentence enhancing provision is that which requires that a convicted defendant's punishment be increased based on prior convictions and that those prior convictions, pursuant to statute, be proven beyond a reasonable doubt. *See* § 16–13–103(4)(b), C.R.S.1998 (if a defendant charged as an habitual criminal denies prior convictions, then the prosecution must prove the existence of the convictions beyond a reasonable doubt in a separate proceeding after defendant is convicted of the new underlying offense); § 18–4–202.1(5) (persons charged as habitual burglars shall be tried in accordance with procedures applicable to habitual criminal prosecutions).

■ The third type of sentence enhancement provision is that which increases the punishment based on a defendant's criminal history but which does not have a statutory burden of proof or hearing procedure applicable to the determination of the prior criminal conduct. *See People v. Lacey*, 723 P.2d 111 (Colo.1986) (provision providing for aggravated range sentencing if the defendant was on probation at the time offense was committed is a sentence enhancer that need only be proven by a preponderance of the evidence); *People v. Henderson*, 729 P.2d 1028 (Colo.App.1986) (defendant was subject to aggravated range sentencing because the prosecution met its burden, at post-trial sentencing hearing, of proving that defendant was on parole at the time he committed offense).

For this third type of enhancement provision, due process is satisfied so long as the defendant receives reasonable notice of the potential for an increased sentence and the prosecution meets its burden of proving the prior criminal conduct by a preponderance of the evidence. *People v. Lacey, supra; see Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (typically, recidivism provisions have been classified as sentence enhancers, at least where the underlying conduct at issue, in the absence of the recidivism, is independently unlawful).

The provision at issue here, § 18–18–405(2)(a)(II), increases the level of a defendant's punishment based on a prior conviction but does not prescribe a burden of proof. And, nothing in the language of the statute indicates by what means the existence of a prior conviction is to be determined. Thus, we conclude it is a sentence enhancer of the third type set forth above.

■ As such, the prosecution was only required to prove the existence of defendant's prior conviction by a preponderance of the evidence and the issue was properly determinable by the trial court. *See People v. Vega*, 870 P.2d 549 (Colo.App.1993) (similar drug offender recidivism enhancement provision in statute now codified as § 18–18–407(1)(a), C.R.S.1998, should be determined by the trial court under a preponderance of the evidence standard because no bifurcated trial procedure is set forth in the statute) *aff'd* on other grounds, *Vega v. People, supra.*

■ Arguing for a contrary interpretation, defendant notes that at least one trial court has submitted to a jury the determination of a defendant's prior conviction under § 18–18–405(2)(a)(II). *See People v. Saint–Veltri*, 945 P.2d 1339 (Colo.1997) (jury found that defendant had a prior conviction in violation of § 18–18–405(1)(a), apparently after a bifurcated trial). However, the fact that a single trial court may have acted out of an abundance of caution does not establish that such a procedure is required. *See People v. Vega, supra* (issue of special aggravating circumstance was submitted to the jury even though trial court was not required to do so).

In summary, we reject defendant's claim that the prosecution was required to prove the existence of his prior conviction to a jury beyond a reasonable doubt. Therefore, we reject defendant's claim that there is insufficient evidence to support a jury verdict with respect to the sentence enhancement provision. And, because defendant conceded the existence of his prior conviction at sentencing, we conclude the absence of a hearing on

that issue did not violate his rights to due process.

## II.

Defendant next argues that his waiver of his right to testify was not knowingly or voluntarily entered because the trial court neglected to advise him that, if he elected to testify, evidence of his prior felony conviction could be introduced only to impeach his testimony. We conclude this omission was not reversible error.

■ In *People v. Curtis*, 681 P.2d 504 (Colo.1984), the supreme court outlined those elements that must be present in an on-the-record advisement in order to ensure defendant's knowing and voluntary waiver of his or her right to testify. However, in *People v. Gray*, 920 P.2d 787, 790 (Colo.1996), the supreme court reaffirmed that *Curtis* did not require a "prescribed litany or formula which must be followed in advising the defendant of his right to testify." The court explained that:

> A satisfactory *Curtis* advisement should inform the defendant that the defendant has the right to testify or not to testify; the decision to testify is personal; the prosecution would be able to cross-examine the defendant and thus prior felony convictions could be disclosed to the jury; the limited purpose for which such prior felony convictions would be admitted; and, the consequences of testifying.

*People v. Gray, supra*, 920 P.2d at 791.

In *Gray*, the supreme court concluded that the defendant was adequately advised concerning the limited admissibility of his prior felonies because the trial court had explained that, if he chose to testify, the district attorney would be allowed to ask about his prior convictions and "the six prior felonies would be admissible with respect to credibility." *People v. Gray, supra*, 920 P.2d at 791. Although the court in *Gray* acknowledged that the better practice would have been to advise defendant that his prior convictions were admissible *only* with respect to the issue of his credibility, the court was satisfied that the advisement given was adequate. This advisement in conjunction with defendant's on-

the-record waiver of his right to testify in which he acknowledged that his attorney had advised him concerning his right to testify was sufficient competent evidence to uphold the trial court's determination that defendant voluntarily, knowingly, and intelligently waived his right to testify.

Similarly, in *People v. Deskins*, 927 P.2d 368, 371 (Colo.1996), the supreme court upheld the adequacy of a *Curtis* advisement in which the trial court had informed the defendant that he could be impeached with his prior felony convictions and told him that he "would be entitled to an instruction or the People would be entitled to an instruction on credibility with regard to prior criminal convictions."

Most recently in *People v. Blehm*, 983 P.2d 779 (Colo.1999), the supreme court held that the concept that the conviction may be used to impeach credibility is all that is required to be communicated to the defendant.

■ Here, the trial court advised defendant concerning his right to testify before any evidence had been presented. The trial court first informed defendant that the decision whether to testify was a personal one. The court then told defendant:

> [I]f you choose to testify, you must understand that you will be cross-examined by the District Attorney and not just answer your attorney's questions. You have the same protection as any others (sic) witness; that is, to be only asked questions that relate to the issues on trial. *You must understand if you testify, one thing that then comes into a trial is whether the jury chooses to believe you or not. The law says that one thing that can be presented to a jury is prior felony convictions and what that conviction was for.* On the other hand, if you don't testify, you're believable, so it can't be presented to the jury.
>
> Now, we all know that you do have a prior felony conviction, but the jury is not going to find out about that unless you testify. If you don't want the jury to find out about the other conviction, you can't testify. Because if you do testify, they are going to find out about it. (emphasis added)

The trial court then proceeded to provide defendant with additional information concerning the consequences of not testifying.

The next day, the court advised defendant that, if he testified:

> You'll undoubtedly be cross-examined by the District Attorney and say (sic) anything that can hurt the case; that's just the way it goes. In particular the District Attorney can ask whether you have prior felony convictions, if so, what they were for. So that could draw some attention of the jury if you testify, but couldn't come to the attention of the jury if you didn't testify. So you keep that in mind.

Soon thereafter, the court, noting that defendant had been informed by his attorney, accepted defendant's waiver of his right to testify without further discussing the admissibility of his prior felony conviction.

We conclude that the trial court's remarks were sufficient to apprise defendant that his prior conviction would be admissible to impeach the credibility of his testimony. While it is true that the court did not use the word "credibility," it adequately defined the concept by informing defendant that his prior conviction would "be presented" for the purpose of influencing whether "the jury chooses to believe you or not." The trial court's failure to mention the availability of a limiting instruction was not a fatal omission. *See People v. Blehm, supra; People v. Gray, supra; People v. Blecha*, 940 P.2d 1070 (Colo. App.1996), *aff'd on other grounds*, 962 P.2d 931 (Colo.1998).

We conclude the *Curtis* advisement given to defendant complied with the minimum requirements and, constitutes sufficient competent evidence to uphold the trial court's determination that defendant voluntarily, knowingly, and intelligently waived his right to testify. *See People v. Blehm, supra.*

Judgment affirmed.

Judge ROY, concurs.

Judge JONES, dissents.

Judge JONES, concurring in part and dissenting in part.

I respectfully dissent from the affirmance of the judgment because I believe that, based on the advisement given him pursuant to *People v. Curtis*, 681 P.2d 504 (Colo.1984), defendant here cannot have made a knowing and intelligent decision concerning his right to testify. Furthermore, upon a reflection on *People v. Blehm*, 983 P.2d 779, 783 (Colo. 1999), and on the circumstances here, I believe we can determine as a matter of law that the deficiencies in the advisement necessarily affected "the validity of...defendant's waiver."

I agree with defendant's contention that the trial court erred in failing to advise him adequately that his prior felony conviction could be considered only for purposes of impeachment of his credibility and that the jury would be instructed to consider the prior conviction only for impeachment purposes.

To relinquish effectively the fundamental right to testify, a defendant must be fully aware of that right, must know the consequences of testifying, must be cognizant that only he or she can make the ultimate determination whether to testify, notwithstanding the advice of counsel, must understand that upon testifying the prosecution will be allowed to cross examine and that, if he or she has been convicted previously of a felony, the prosecutor will be allowed to ask about it and disclose such to the jury, and "that if the felony is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his or her credibility." *People v. Curtis, supra*, 681 P.2d at 514.

Although the court must include all of the *Curtis* elements, a precise litany for the advisement is not required. *People v. Chavez*, 853 P.2d 1149 (Colo.1993). Nevertheless, examination of Colorado Trial Judges Criminal Trial Benchbook § 1.12.11 (1998), or *People v. Curtis, supra*, 681 P.2d at 514, is always well advised for a reminder of how a short, non-technical, and correct advisement can be given. As to the *Curtis* advisement, trial judges should consider it their duty, to eliminate any speculation on the defendant's part as to the consequences of a decision to testify. *People v. Milton*, 864 P.2d 1097 (Colo.

1993). It is to be noted that, in *People v. Blehm, supra,* the supreme court has reaffirmed the Curtis advisement and the importance of advising correctly as to each element thereof.

If an advisement of the right to testify fails to inform a defendant that evidence of prior felonies can be admitted only for limited purposes of impeaching his or her credibility, it is necessarily incomplete. In the face of such an inadequate advisement, a defendant's waiver of the right to testify, even if voluntary, cannot be knowing and intelligent. *People v. Chavez, supra.*

Here, after reminding defendant that the decision to testify was entirely his own, the court advised as follows:

> [I]f you choose to testify, you must understand that you will be cross-examined by the District Attorney and not just answer your own attorney's questions. You have the same protection as any others (sic) witness; that is, to be only asked questions that relate to the issues on trial. You must understand if you testify, one thing that then comes into a trial is whether the jury chooses to believe you or not. The law says that one thing that can be presented to a jury is prior felony convictions and what that conviction was for. On the other hand, if you don't testify, you're believable, so it can't be presented to the jury.
>
> Now, we all know that you do have a prior felony conviction, but the jury is not going to find out about that unless you testify. If you don't want the jury to find out about the other conviction, you can't testify. Because if you do testify, they are going to find out about it. On the other hand, if there is something you want the jury to know and nobody else testifies about it, and you don't testify; doesn't exist as far as the jury is concerned. Because I just got through telling the jury they are suppose to consider what has been presented to them during the trial. So doesn't get presented by somebody, you don't testify, doesn't exist as far as they're concerned.
>
> So you have to make a tactical choice ... whether you need to testify or not.

On the other hand, I have already told you that I will tell them again, if you choose not to testify, they will be instructed not to hold that against you; something we assume they will abide by the oath and other instructions that I give them. So if you choose not to testify, they will be told not to allow that to prejudice you. On the other hand if you don't testify and there's something you want to tell them, they're not going to hear about that either. So as a tactical evaluation, you need to make (sic) of whether you need to testify or whether you don't.

The advisement given simply cannot be considered to have eliminated speculation about the consequences of testifying. Indeed, it may impart incorrect information; but even if not, it could certainly be confusing to most defendants. To say, for instance, that, "The law says that one thing that can be presented to a jury is a prior felony conviction and what it is for," without specific reference at that point in the advisement to the limited purpose for which such evidence can be considered, is to leave the real impression that it can be used for any purpose. To follow up the above referenced segment by stating, "On the other hand, if you don't testify, you're believable, so it can't be presented to the jury," could very well lead a defendant to believe that the jury would believe him or her to be innocent, *per se,* by not testifying, and therefore, that to testify means allowing a jury to consider for all purposes a prior conviction, that could tag him or her as guilty on this charge.

Likewise, the statement, "If you don't want the jury to find out about the other conviction, you can't testify. Because if you do testify, they are going to find out about it," with no reference to any limited purpose for which such evidence can be considered, and taken with rest of the advisement, leads to the conclusion that it can be considered for any purpose, including guilt. In addition, reference to "limited purpose," "impeachment," and "credibility" does not appear in the advisement. Nor are there any euphemisms that could be interpreted to mean those concepts. Furthermore, the advisement fails to mention that the jurors will be

instructed of the limited purpose for which they could consider the prior conviction.

Here, as in *People v. Milton, supra,* the defendant's convictions should be reversed because the trial court failed, *inter alia,* to advise him of the limited purpose for which felony convictions could be used, and that the jury would be instructed of those limited purposes. Thus, defendant was likely left with impression that the jury could consider the evidence of the prior conviction as propensity evidence rather than as evidence relating to the defendant's credibility. *See People v. Chavez,* 621 P.2d 1362 (Colo.1981). This could reasonably have caused him to waive his right to testify where he would not otherwise have done so. Thus his waiver could not be valid. *See People v. Blehm, supra.*

The advisement here does not contain the information, clarity, and specific mention of critical concepts that helped the *Curtis* advisements in *People v. Gray,* 920 P.2d 787 (Colo.1996) and *People v. Deskins,* 927 P.2d 368 (Colo.1996) to pass muster.

Accordingly, I would reverse the judgments and remand this cause for a new trial at which a proper *Curtis* advisement could be given so as to implicate a valid waiver if such is the defendant's choice. For purposes of such retrial, I concur with Part I of the majority opinion.