The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jason T. FISKE, Defendant–Appellant.

No. 07CA0516.

Colorado Court of Appeals,
Div. IV.

Sept. 4, 2008.

John W. Suthers, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Delman & Hotsenpiller, LLC, Dan W. Hotsenpiller, Montrose, CO; Marna M. Lake, Grand Junction, Colorado, for Defendant–Appellant.

Opinion by Judge LICHTENSTEIN.

Defendant, Jason T. Fiske, appeals the sentences imposed following the judgment of conviction entered upon his guilty plea to manslaughter and robbery. We vacate the sentences and remand for resentencing.

Defendant entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to manslaughter and pleaded guilty to robbery in exchange for the dismissal of other charges against him. The agreement contained no sentencing concessions. Defendant stipulated that the sentences could run concurrently or consecutively and that, pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a *Blakely*-exempt fact existed because he had a previous misdemeanor conviction. However, he repeatedly asserted that while the existence of the prior misdemeanor conviction widened the sentencing range, it did not constitute an extraordinarily aggravating circumstance to justify the imposition of a sentence beyond the presumptive maximum. The trial court found that the prior misdemeanor was a *Blakely*-exempt fact, but concluded that it was not required to decide if the misdemeanor was an extraordinary aggravating fact. The trial court then determined that the facts underlying the manslaughter and robbery convictions were extraordinarily aggravating and sentenced defendant to the Department of Corrections for consecutive aggravated terms of twelve years for manslaughter and ten years for robbery.

## I.

Manslaughter and robbery are class four felonies subject to a presumptive sentencing range of two to six years. If extraordinary aggravating facts are found, the maximum sentencing range is increased to twelve years. *See* § 18–1.3–401(1)(a)(V)(A), (6), (7), C.R.S.2007. Here, the manslaughter sentence and robbery sentence each exceeded the presumptive maximum.

Defendant concedes the trial court did not commit *Blakely* error because the existence of the prior misdemeanor widened the possible sentencing range, *see Lopez v. People*, 113 P.3d 713, 719–20 (Colo.2005) (*Lopez I*), but he contends that his aggravated sentences violate section 18–1.3–401(6) because the court never determined that the *Blakely*-exempt fact was extraordinarily aggravating. We agree.

Section 18–1.3–401(6) provides in pertinent part:

> In imposing a sentence to incarceration, the court shall impose a definite sentence which is within the presumptive ranges set forth in subsection (1) of this section *unless it concludes that extraordinary mitigating or aggravating circumstances are present,* are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18–1–102.5.

(Emphasis added.)

■ Our supreme court has held that aggravated sentencing under section 18–1.3–401(6) is constitutional so long as the court bases its aggravated sentence on *Blakely*-compliant or *Blakely*-exempt facts. *Lopez I*, 113 P.3d at 726. A prior conviction, even if the conviction is for a misdemeanor, is a *Blakely*-exempt fact. *People v. Huber*, 139 P.3d 628, 632–33 (Colo.2006).

■ While the existence of a *Blakely*-compliant or *Blakely*-exempt fact widens the sentencing range to a ceiling of double the presumptive maximum, *Lopez I*, 113 P.3d at 719–20, a court, pursuant to section 18–1.3–401(6), must make a "subsequent determination" that this fact is extraordinarily aggravating before it can impose a sentence beyond the presumptive maximum. *Id.* at 728. The determination whether relevant facts are extraordinary aggravating circumstances is a conclusion of law which remains within the discretion of the trial court if it is based on *Blakely*-compliant or *Blakely*-exempt facts. *Id.* at 727 n. 11. It "would be error to sentence in the aggravated range without finding any *Blakely*-compliant or exempt fact to be extraordinarily aggravating." *People v. Lopez*, 148 P.3d 121, 124 (Colo.2006) (*Lopez II*).

Further, section 18–1.3–401(7), applied constitutionally, requires a court, before imposing a sentence beyond the presumptive range, to state on the record its finding that the *Blakely*-compliant or *Blakely*-exempt fact is extraordinarily aggravating:

> In all cases … in which a sentence which is not within the presumptive range is imposed, *the court shall make specific findings on the record of the case, detailing the specific extraordinary circumstances* which constitute the reasons for varying from the presumptive sentence.

(Emphasis added.)

Although a court may rely on facts that are not *Blakely*-compliant or *Blakely*-exempt to further justify its imposition of an aggravated sentence, it may do so only if it has found a *Blakely*-exempt or *Blakely*-compliant fact to be extraordinarily aggravating. *Huber*, 139 P.3d at 634.

■ The sentencing court here, before imposing the aggravated sentence, found that a prior misdemeanor conviction existed but concluded that it need not determine whether the prior misdemeanor was an extraordinary aggravating circumstance. Rather, it stated, "The law says if there's a prior misdemeanor conviction, that fact would allow the court to sentence a defendant in the current case in the aggravated range. This court is not required to decide if the misdemeanor is a relatively aggravated or minor crime." The court proceeded to make on-the-record findings of extraordinary aggravation based on the circumstances of the manslaughter and robbery offenses.

Here, the court erred in imposing a sentence beyond the presumptive range without determining whether the sole *Blakely*-exempt fact was an extraordinarily aggravating fact that supported an aggravated sentence. We therefore vacate defendant's sentences and remand for resentencing.

## II.

■ The People maintain nonetheless that the sentence in this case was properly imposed because defendant admitted that the prior misdemeanor was an extraordinary ag-

gravated fact. After a careful review of the record, we are not persuaded.

The People point to defendant's written plea agreement, a colloquy with the court at his providency hearing, and a sentencing memorandum, where, in each instance, defendant stipulated that a *Blakely*-exempt fact existed which the court could consider to impose an aggravated sentence. Although defendant so stipulated, he was clear throughout the proceedings that he agreed the existence of his prior conviction widened the sentencing range, but argued his conviction did not constitute an extraordinarily aggravating circumstance to justify the imposition of a sentence beyond the presumptive maximum. Under these circumstances, we conclude that defendant did not admit that the prior misdemeanor was an extraordinary aggravating fact.

## III.

Defendant also contends on appeal that his prior conviction is not an aggravating circumstance as a matter of law, and requests this court to so hold. We decline to do so.

The determination whether *Blakely*-compliant or *Blakely*-exempt facts are extraordinary aggravating circumstances remains within the discretion of the trial court. *Huber*, 139 P.3d at 634; *see Lopez I*, 113 P.3d at 730; *People v. Leske*, 957 P.2d 1030, 1044–45 (Colo.1998) (the legislature has granted sentencing courts broad discretion in distinguishing between "ordinary" and "extraordinary" circumstances depending upon the specific facts of each case).

## IV.

Defendant finally argues that the trial court abused its discretion when it imposed the aggravated sentence, asserting that the court focused solely on aggravators and failed to impose a sentence consistent with the sentence imposed on the codefendant. Because we are remanding this case for resentencing, we need not address these contentions.

Defendant's sentences are vacated, and the case is remanded for resentencing.

Judge VOGT and Judge TERRY concur.