The PEOPLE of the State of Colorado, Plaintiff–Appellee and Cross–Appellant,

v.

Timothy Edward SCHREIBER, Defendant–Appellant and Cross–Appellee.

No. 08CA1721.

Colorado Court of Appeals, Div. IV.

Oct. 15, 2009.

John W. Suthers, Attorney General, Katherine A. Hansen, Senior Assistant Attorney General, Denver, CO, for Plaintiff–Appellee and Cross–Appellant.

Leslie A. Goldstein, L.L.C., Leslie A. Goldstein, Steamboat Springs, CO, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge WEBB.

We affirm the judgment of conviction of defendant, Timothy E. Schreiber, entered on a jury verdict finding him guilty, as relevant here, of felony indecent exposure, *see* section 18–7–302(1), (4), C.R.S.2009.

Because Schreiber's assertions of evidentiary error do not warrant publication under C.A.R. 35(f), we begin with the Attorney General's contention on cross-appeal that the trial court erred by requiring the prosecution to prove Schreiber's prior indecent exposure convictions to the jury beyond a reasonable doubt. This question is unresolved in Colorado. We disapprove of the trial court's ruling because the statute is a sentence enhancer and prior convictions are exempt from the jury requirement imposed by *Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

## I. Background

Schreiber was charged with felony indecent exposure under section 18–7–302(4), based on five prior convictions. Before trial, the court ruled that those convictions constituted elements of felony indecent exposure, which had to be proven to the jury beyond a reasonable doubt. As a consequence of the indictment, Schreiber enjoyed all procedural protections attendant to a felony prosecution and trial.

According to the prosecution's evidence, Schreiber exposed his genitalia while masturbating in front of an employee at a laundromat. During the guilt phase, the prosecution

offered evidence that Schreiber had previously exposed himself as evidence of other sexual acts under section 16–10–301(1), C.R.S. 2009, but not that he had been convicted of such offenses. After Schreiber was found guilty of the substantive offenses, the prosecutor presented evidence of his five prior convictions, and the jury found beyond a reasonable doubt that he had five prior convictions.

## II. Section 18–7–302(4)

■ Whether a statutory provision is a sentence enhancer or a substantive element of the offense presents a legal question that we review de novo. *See People v. Hogan,* 114 P.3d 42, 57 (Colo.App.2004). We ask whether "its proof, while raising the felony level of an offense, is not necessarily required to secure a conviction." *People v. Leske,* 957 P.2d 1030, 1039 (Colo.1998).

Section 18–7–302(1) provides, "[a] person commits indecent exposure if he knowingly exposes his genitals to the view of any person under circumstances in which such conduct is likely to cause affront or alarm to the other person." Under section 18–7–302(4), "[i]ndecent exposure is a class 6 felony if the violation is committed subsequent to two prior convictions of a violation of this section or of a violation of a comparable offense . . . ." Otherwise, it is a class 1 misdemeanor. § 18–7–302(2)(b).

■ We conclude that section 18–7–302(4) establishes a sentence enhancer, not a substantive offense, because: (1) a defendant may be convicted of the underlying offense without any proof regarding the sentence enhancer; and (2) the sentence enhancement provision only increases the potential punishment. *Vega v. People,* 893 P.2d 107, 112 (Colo.1995) (§ 18–18–107); *see People v. Whitley,* 998 P.2d 31, 34 (Colo.App.1999) (§ 18–18–405(2)(a)(II)).

■ We further conclude that the court decides this sentence enhancer because, under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely,* 542 U.S. at 303, 124 S.Ct. 2531, a defendant "has no constitutional right to a jury trial to determine whether he has a

prior conviction. Instead, that is an inquiry and finding that the trial judge is entitled to make." *People v. French,* 165 P.3d 836, 841 (Colo.App.2007); *see People v. Fiske,* 194 P.3d 495, 496 (Colo.App.2008) (citing *People v. Huber,* 139 P.3d 628, 632–33 (Colo.2006)) ("A prior conviction, even if the conviction is for a misdemeanor, is a *Blakely*-exempt fact.").

We reject Schreiber's argument—based on Justice Thomas' concurring opinion in *Apprendi* and Justice Scalia's dissent in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (basis for the prior conviction exception)—that section 18–7–302(4) should not be read as a sentence enhancer because increasing a misdemeanor to a felony subjects a defendant to serious collateral consequences. Such consequences include being prevented from voting or registering to vote, *see* section 1–2–103(4), C.R.S.2009, and being potentially subject to sentencing as a habitual criminal, *see* section 18–1.3–801(2), C.R.S.2009.

The majority of other state courts to have addressed similar collateral consequences arguments still follow *Apprendi* and *Almendarez–Torres. See State v. Palmer,* 189 P.3d 69, 76 (Utah Ct.App.2008) (rejecting argument that prior DUI convictions were elements because they increased sentence from a misdemeanor range to a felony range) (collecting cases), *aff'd,* 220 P.3d 1198 (Utah2009); *but see United States v. Rodriguez–Gonzales,* 358 F.3d 1156, 1160 (9th Cir. 2004) ("The existence of a prior conviction . . . substantively transforms a second conviction under the statute from a misdemeanor to a felony. A prior conviction is therefore more than a sentencing factor . . . ."). Moreover, while acknowledging "some doubt about the continued validity of the prior conviction exception," our supreme court has held "that it remains valid after *Blakely.*" *Lopez v. People,* 113 P.3d 713, 723 (Colo. 2005); *see Huber,* 139 P.3d at 631 (declining to revisit question).

■ Accordingly, we disapprove of the trial court's ruling requiring the prosecution to prove Schreiber's prior convictions under section 18–7–302(4) to the jury rather than to the court. We further conclude that because

section 18–7–302(4) does not establish the burden of proof, in a trial to the court the prosecution need only prove the existence of prior conviction facts by a preponderance of the evidence. *See People v. Lacey*, 723 P.2d 111, 114 (Colo.1986); *Whitley*, 998 P.2d at 34. However, we express no opinion whether a defendant who was denied the procedural protections required in felony trials could challenge elevation of his conviction to felony status at the time of sentencing on this basis.

### III.   Schreiber's Contentions

We reject Schreiber's evidentiary contentions based on the trial court's broad discretion in such rulings. *See Yusem v. People*, 210 P.3d 458, 463 (Colo.2009).

### A.   Evidence that Schreiber had Previously Exposed Himself

■ Under section 16–10–301(1), "evidence of other sexual acts is typically relevant and highly probative, and it is expected that normally the probative value of such evidence will outweigh any danger of unfair prejudice, even when incidents are remote from one another in time." The prosecution must also satisfy the four-part test in *People v. Spoto*, 795 P.2d 1314, 1318 (Colo.1990). *People v. Underwood*, 53 P.3d 765, 769 (Colo. App.2002).

Here, the record supports the trial court's findings that:

- Evidence Schreiber had exposed himself to women on other occasions was relevant to the material issue of whether Schreiber knowingly, as opposed to accidentally, exposed himself in this case;
- Such evidence made it more probable that he was aware exposure was likely to cause affront or alarm to the victim;
- Thus, the evidence was relevant independent of the intermediate inference that defendant was a person of bad character; and
- Under CRE 403, the prejudicial effect of this evidence did not exceed its probative value, *People v. Salas*, 902 P.2d 398, 401 (Colo.App.1994) ("Only prejudice which suggests a decision made on an improper basis, such as the jury's bias, sympathy,

anger, or shock, requires the exclusion of relevant evidence under CRE 403."), especially because the court gave a limiting instruction, *People v. Vialpando*, 954 P.2d 617, 623 (Colo.App.1997).

### B.   Schreiber's Statement to the Victim

■ Schreiber's statement to the victim, "do you have problems with women masturbating in the bathroom," made on the day after the offense, was admissible as res gestae because:

- This statement was proximate in time to the alleged offense and was useful to complete the story for the jury. *See People v. Quintana*, 882 P.2d 1366, 1373 (Colo.1994) (res gestae "includes evidence that is closely related in both time and nature to the charged offense").
- It was logically relevant to prove Schreiber's motive to cause affront or alarm to the victim and was not so inflammatory as to require exclusion under CRE 403. *See Quintana*, 882 P.2d at 1373–75.

### C.   Lubricating Jelly

■ Evidence of similar containers of lubricating jelly found in the laundromat restroom and in Schreiber's backpack when he was arrested was relevant based on his admission to using lubricating jelly in his "daily masturbating sessions," which makes the alleged indecent exposure at the laundromat "more probable ... than it would be without the evidence." *See* CRE 401.

Affording this evidence "the maximum probative value attributable by a reasonable fact finder and the minimum unfair prejudice to be reasonably expected," *People v. Gibbens*, 905 P.2d 604, 607 (Colo.1995), it was not excludable under CRE 403. *See also People v. District Court*, 785 P.2d 141, 146 (Colo. 1990) ("the balance should generally be struck in favor of admission when evidence indicates a close relationship to the event charged").

The judgment is affirmed and the trial court's ruling disapproved.

Judge ROMÁN concurs.

Judge BERNARD concurring in part and dissenting in part.

Judge BERNARD concurring in part and dissenting in part.

If the only difference between a felony and a misdemeanor in Colorado were that a felony conviction subjected a defendant to a lengthier term of incarceration in a county jail, I would join the majority in this case. I generally agree with the premise that, under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), evidence concerning prior convictions need not be submitted to the jury and proved beyond a reasonable doubt before such evidence may be used to increase the length of an offender's sentence. *See also Almendarez–Torres v. United States,* 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (evidence of recidivism need not be treated as an element of an offense).

However, because I believe that there are substantial differences between misdemeanors and felonies beyond the prospect of a longer sentence in a county jail if one is convicted of a felony, I respectfully dissent. It is my position that these differences mean that the consequences of converting a misdemeanor to a felony extend far beyond simply increasing the potential length of incarceration. Therefore, I would conclude, under *Apprendi,* that (1) prior misdemeanor convictions are an element of the offense of class 6 felony indecent exposure under section 18–7–302(4), C.R.S.2009, and not a sentence enhancer; and (2) this element must be submitted to the jury for a determination whether it has been proved beyond a reasonable doubt.

Felonies are defined in the Colorado Constitution. Colo. Const. art. XVIII, § 4 states:

The term felony, wherever it may occur in this constitution, or the laws of the state, shall be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary, and none other.

By defining felonies in the state constitution, the framers differentiated between felonies and less grave crimes, and determined that felonies were the only crimes sufficiently serious to merit incarceration in the penitentiary. *People v. Rodriguez,* 112 P.3d 693, 708 (Colo.2005). Misdemeanors are not defined in our state constitution, but our supreme court explained one difference between misdemeanors and felonies in *Eckhardt v. People,* 126 Colo. 18, 26, 247 P.2d 673, 677 (1952): "If the penalty is imprisonment in the state penitentiary, it is considered a felony, and if by fine or imprisonment in the county jail, a misdemeanor." *See also* §§ 18–1.3–401 & 18–1.3–501, C.R.S.2009 (sentences for felonies and misdemeanors, respectively).

Our supreme court sees the difference between felonies and misdemeanors as "important, for many reasons." *Brooks v. People,* 14 Colo. 413, 415, 24 P. 553, 553 (1890). These reasons include:

The penitentiary has long been recognized as the proper place for the incarceration of those convicted of the graver offenses only, while the county jails have been utilized for the confinement of those convicted of minor offenses, and confinement in the penitentiary has always been regarded as more severe than confinement in a county jail, on account of the disgrace and reproach attached to confinement in an institution thus set apart as a place for the incarceration of the more depraved and infamous classes of offenders; and under our constitution the test by which to determine whether an offense less than capital shall be deemed a felony or a misdemeanor is made to depend upon whether the same is punishable by imprisonment in the penitentiary or in the county jail. And by statute the consequences resulting from a conviction of a felony are made much more serious than those arising from a conviction of a misdemeanor. The number of peremptory challenges to which a defendant may be entitled in a given case is also made to depend upon whether the charge preferred against him amounts to a felony, or is a misdemeanor only.

*Id.* at 414–15, 24 P. at 553 (citations omitted); *see also Rodriguez,* 112 P.3d at 708.

As suggested by the quote from *Brooks,* the distinction between felonies and misdemeanors has significance in three areas: the

substantive criminal law; criminal procedure; and collateral consequences. *See* 1 Wayne R. LaFave, *Substantive Criminal Law* § 1.6(a) (2d ed.2003).

First, as indicated by *Brooks,* incarceration in the penitentiary is different from incarceration in a county jail. We attach "disgrace and reproach" to penitentiary sentences because offenders there are seen as "more depraved and infamous."

Therefore, changing the nature of a conviction from a misdemeanor to a felony changes the place of incarceration, not merely the length of incarceration. Also, a felony conviction justifiably carries a stigma that a misdemeanor conviction does not: a considerably greater weight of moral opprobrium. *See also Apprendi,* 530 U.S. at 495, 120 S.Ct. 2348 ("The degree of criminal culpability the legislature chooses to associate with particular, factually distinct conduct has significant implications both for a defendant's very liberty, and for the heightened stigma associated with an offense the legislature has selected as worthy of greater punishment.").

. Second, there are crucial procedural differences between felonies and misdemeanors. Defendants charged with misdemeanors are tried by juries of six; defendants charged with felonies are tried by juries of twelve. § 18–1–406(1), C.R.S.2009; Crim. P. 23(a)(1) & (2). Defendants charged with misdemeanors may exercise three peremptory challenges; defendants charged with most felonies are entitled to five peremptory challenges. Crim. P. 24(d)(2).

If the jury is not allowed to consider the defendant's prior convictions as an element of the offense, the jury will only be instructed on the elements of a misdemeanor, and its verdict will only convict the defendant of a misdemeanor. Thus, if the crime in this case is converted to a felony by court order after a jury convicts a defendant of the misdemeanor, it would appear to me that a defendant facing this charge is only entitled to a six-person jury and three peremptory challenges. This result seems to avoid the clear direction in statute and court rule that defendants charged with felonies are entitled to have their cases decided by twelve jurors and to exercise five peremptory challenges.

Further, another division of this court determined, when analyzing a similar statute, that a defendant charged with a misdemeanor did not have a right to a preliminary hearing even though the misdemeanor conviction could be converted to a felony because of prior convictions. *People v. Garcia,* 176 P.3d 872, 873 (Colo.App.2007). I respectfully disagree with the reasoning in that opinion for the reasons outlined in this dissent, and I would choose not to follow it. *See Am. Family Mut. Ins. Co. v. Murakami,* 169 P.3d 192, 193 (Colo.App.2007) (one division of the court of appeals is not bound by a decision of another division).

More importantly for my analysis, *Garcia* points out another area in which felonies and misdemeanors are treated differently procedurally: defendants in some felony cases are entitled to preliminary hearings, while defendants in misdemeanor cases are not. *See* § 16–5–301(1)(b)(II), C.R.S.2009 (defendant charged with class 6 felony may receive a preliminary hearing if "in custody for the offense for which the preliminary hearing is requested"). If defendant had been incarcerated before trial, he would not have been eligible for a preliminary hearing under *Garcia*'s reasoning.

I recognize that defendant's case was tried as a felony. However, it is, as suggested above, my view that the law may require, or at least may allow, trial courts to treat this offense as a misdemeanor for purposes of trial, and then to elevate it to the status of a felony at the time of sentencing. Therefore, although defendant was not denied the procedural protections required in felony trials, the risks that I describe are patent, or at least reasonably latent, in any case in which this felony offense is charged.

Third, felonies have significant collateral consequences that misdemeanors do not have. Some of these are:

● One cannot vote while incarcerated or on parole for a felony conviction. Colo. Const. art. VII, § 10; § 1–2–103(4), C.R.S.2009.

● A felony conviction may prevent one from possessing a firearm. § 18–12–108(1), C.R.S.2009.

- One may be denied participation in certain professions if convicted of a felony. *E.g.*, § 12–2–123(1)(3), C.R.S.2009 (accountants); § 12–6–118(3)(d), C.R.S.2009 (motor vehicle dealers); § 12–7–106(1)(e), C.R.S.2009 (bail bonding agents); § 12–8–123(1)(a), C.R.S.2009 (barbers and cosmetologists).

- Conviction of a felony provides a predicate offense for an eventual designation as a habitual criminal. § 18–1.3–801, C.R.S.2009.

- A person who has been convicted of two felonies may not be eligible for probation. § 18–1.3–201(2)(a), C.R.S.2009.

- A felony conviction may be used to impeach a witness's testimony. § 13–90–101, C.R.S.2009.

These collateral consequences are not trifling. They affect the exercise of important civil rights; or restrict the ability to earn a living; or expose one to additional penalties in the future; or undermine one's credibility in future proceedings. *See People v. Lowe*, 660 P.2d 1261, 1269 (Colo.1983) ("There are a significant number of important collateral consequences for a felony conviction beyond that of the sentence imposed."), *abrogated on other grounds by Callis v. People*, 692 P.2d 1045 (Colo.1984).

Because of the three fundamental differences between felonies and misdemeanors discussed above, I would approve the trial court's ruling in this case. I think these differences are of such magnitude that it should be in the jury's, not the sentencing judge's, hands to determine whether a defendant should be convicted of a felony. *See United States v. Rodriguez–Gonzales*, 358 F.3d 1156, 1160–61 (9th Cir.2004) (court requires prior offenses that would convert a misdemeanor to a felony to be submitted to the jury because "prior commission affects not merely the defendant's sentence, but the very nature of his crime").

Although *United States v. Sharp*, 12 F.3d 605, 607–09 (6th Cir.1993), pre-dated *Almendarez–Torres* and *Apprendi*, I find the following language from *Sharp* to be compelling:

It is a serious matter, obviously, to deprive an American citizen of civil rights as important as the right to vote, the right to keep and bear arms, and the right to engage in a chosen business or profession. For a sentencing judge to effect such a deprivation by factual findings that convert what would otherwise be a misdemeanor into a felony seems to us an impermissible usurpation of the historic role of the jury. The principle that a defendant is entitled to have a jury of his peers determine whether or not he has committed a felony is a "principle of justice so rooted in the traditions and conscience of our people," we believe, "as to be ranked as fundamental."

*Id.* at 608 (quoting *McMillan v. Pennsylvania*, 477 U.S. 79, 85, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)).

I, too, believe this principle is so fundamental that the fact of prior conviction becomes, for the purposes of the statute at issue here, an element of the offense, which must, under *Apprendi*, be determined by the jury beyond a reasonable doubt. *See United States v. Corona–Sanchez*, 291 F.3d 1201, 1218–19 (9th Cir.2002) (en banc) (Kozinski, J., dissenting), *superseded on other grounds by* U.S. Sentencing Guidelines § 2L1.2 cmt. n. 4 (2002).