Opinion by JUDGE BOORAS
¶ 1 Defendant, Donald Jon Riley, appeals the judgment of conviction entered on jury verdicts finding him guilty of indecent exposure (third or subsequent offense) and two counts of public indecency. We vacate the judgment of conviction and remand for an evidentiary hearing as to whether the alternate juror was present during deliberations.
I. Background
¶ 2 D.M. saw a man masturbating in the alley behind an outbuilding near her house. She left to pick up her daughter from preschool, and, as she was leaving, she noticed that the man had moved to a different outbuilding. She stopped at the Weld County Sheriff's office on her way to her daughter's preschool and reported the incident. When D.M. and her daughter returned home, D.M. again saw the man masturbating outside her house, so she called 911.
¶ 3 Defendant was arrested and put in the back seat of a patrol car for transport to the jail. The deputy assigned to transport defendant used handcuffs in front of his body to accommodate defendant's medical condition. While the deputy was driving, she heard a clanking noise that sounded like moving handcuffs.
¶ 4 The deputy pulled over, went around to the back of the vehicle and opened the door. She instructed defendant to pull up his shirt. He did not comply, and instead reached for his pants legs to pull them up. The deputy lifted defendant's shirt, and saw "flesh" in the open "V" in the crotch of defendant's pants. She was embarrassed, so she immediately put defendant's shirt down and told him to "stop what he was doing."
II. Discussion
¶ 5 Defendant contends that (1) the evidence was insufficient to support his conviction for public indecency; (2) the trial court erred by failing to instruct the jury on the definition of "public place"; (3) the prosecutor committed misconduct by expressing his personal opinion during closing argument that D.M. had testified truthfully; (4) the trial court erred by allowing an alternate juror into the jury room after the conclusion of closing arguments, and then dismissing him without inquiring as to whether he had been present during deliberations; and (5) the trial court erred by sentencing him for class 6 felony indecent exposure without requiring a jury verdict on whether he had prior convictions for indecent exposure.
A. Sufficiency of the Evidence to Support Public Indecency
¶ 6 Defendant contends that the evidence was insufficient to support his conviction for public indecency as to the count pertaining to the police officer victim. He does not challenge the sufficiency of the evidence to support his conviction for public indecency as to the count pertaining to the other victim.
*46 ¶ 7 On appeal, defendant asserts that the prosecution failed to prove (1) that the back of the patrol car was either a public place or a place where the conduct may reasonably be expected to be viewed by any member of the public and (2) that defendant knowingly exposed his genitals to the officer who drove the vehicle. We conclude that because public indecency was submitted to the jury at defense counsel's request as a lesser non-included offense, defendant is precluded under the invited error doctrine from challenging the sufficiency of the evidence to support that conviction.
1. Invited Error
¶ 8 The invited error doctrine rests on the principle that "a party may not complain on appeal of an error that he has invited or injected into the case; he must abide the consequences of his acts." People v. Zapata , 779 P.2d 1307, 1309 (Colo.1989). "Invited error most often arises in holding a defendant responsible for tendering or agreeing to a jury instruction later challenged on appeal." People v. Foster , 2013 COA 85, ¶ 26, 364 P.3d 1149.
¶ 9 In this case, defense counsel requested that the jury be instructed on the lesser non-included offense of public indecency. He now complains that the evidence is insufficient to support the charge he requested.
2. Lesser Non-included Offenses
¶ 10 "A lesser non-included offense is an offense less serious than the charged offense, arising from the same facts but containing at least one element different from those in the original charge." People v. Garcia, 17 P.3d 820, 826 (Colo.App.2000). An instruction on a lesser non-included offense is "tantamount to a theory of the case instruction and is strategic." People v. Medrano-Bustamante, 2013 COA 139, ¶ 90, 412 P.3d 581. Unlike a lesser included offense, "a lesser non-included offense instruction may be given only if the defendant requests it or consents to it." People v. Skinner, 825 P.2d 1045, 1047 (Colo.App.1991). A defendant is entitled to a lesser non-included offense instruction, as part of his theory of defense, if there is a rational basis in the evidence to support a verdict acquitting him of the greater offense and simultaneously convicting him of the lesser offense. People v. Trujillo, 83 P.3d 642, 645 (Colo.2004).
3. Analysis
¶ 11 Defense counsel requested that public indecency be submitted to the jury as a lesser non-included offense. As relevant here, the offense of public indecency is defined as follows:
(1) Any person who performs any of the following in a public place or where the conduct may reasonably be expected to be viewed by members of the public commits public indecency:
...
(e) A knowing exposure of the person's genitals to the view of a person under circumstances in which such conduct is likely to cause affront or alarm.
§ 18-7-301(1)(e), C.R.S.2015.
¶ 12 The prosecutor objected on the basis that the deputy, rather than defendant, had pulled up defendant's shirt to expose defendant's genitals. Defense counsel responded:
A jury certainly could find that even though [defendant] didn't pull up his shirt, that that could have been a knowing act that at some point-he's in the back of a police car, that at some point his genitals would be exposed, so I think there is evidence to support that charge and a jury could make that finding.
¶ 13 The trial court agreed to allow the submission of the lesser non-included offense:
There isn't a requirement that the person actually viewed the other person's genitals; instead there must be evidence that the person's genitals were exposed to the view of another person.
While [the deputy] did not state that she saw Mr. Riley's genitals, it could be argued that his genitals were exposed while he was seated in the back seat of the car and that a person could have viewed them at some point, so the Court will allow the public indecency lesser non-included offense.
*47 ¶ 14 By requesting a lesser non-included offense, defense counsel represented to the court that the evidence rationally supported a jury verdict as to that offense. Therefore, defendant is precluded on appeal from arguing that the evidence is insufficient to support such a verdict. See Medrano-Bustamante, ¶ 89 (because the defendant specifically requested and received an instruction on a lesser non-included offense, he invited error asserted on appeal that the jury's verdict on that offense was inconsistent with its verdicts on other charged offenses); People v. Gross, 2012 CO 60, ¶ 11, 287 P.3d 105 (applying invited error doctrine where defense counsel argued affirmatively for an instruction over the prosecution's objection).
¶ 15 Citing Arko v. People, 183 P.3d 555 (Colo.2008), defendant argues that he did not waive his right to contest the sufficiency of the evidence on appeal because a defendant who requests a lesser offense instruction retains his trial rights and his right to advocate for outright acquittal. Id. at 558. But there is a difference between conceding guilt and conceding "sufficient evidence of guilt." By requesting a lesser non-included offense instruction, defendant did not concede that he is guilty and thus was free to argue to the jury for an acquittal. However, simply because defendant remained free to seek an acquittal at trial by arguing that the jury should not credit certain evidence does not mean that counsel did not effectively concede sufficient evidence of guilt by requesting the instruction. Thus, defense counsel's strategic trial request precludes a contrary argument on appeal. Cf. People v. Collins, 730 P.2d 293, 304-05 (Colo.1986) (invited error where the defendant took position as a matter of trial strategy that no heat of passion defense applied and then claimed on appeal that trial court should have instructed jury on such defense).
B. Instruction on the Definition of "Public Place"
¶ 16 Defendant asserts that because "public place" is defined in section 18-1-901(3)(n), C.R.S.2015, the trial court erred by failing to instruct the jury on the statutory definition. We conclude that reversal is not required.
1. Preservation and Standard of Review
¶ 17 Defendant agrees that defense counsel did not request an instruction on the definition of "public place" and did not object to the absence of such an instruction.
¶ 18 Defense counsel can waive instructional error by affirmatively agreeing to the trial court's jury instructions. People v. Rediger, 2015 COA 26, ¶¶ 51, 59, 411 P.3d 907 (cert. granted Feb. 16, 2016).
2. Analysis
¶ 19 During the instruction conference, the trial court asked, "Are there any words that need to be defined for public indecency?" Defense counsel responded, "I don't believe so."[1] Thus, defense counsel explicitly declined an additional definitional instruction as to the public indecency instruction, which defense counsel had tendered, thereby waiving the issue. When a defendant has waived a right, no error or omission is presented for an appellate court to review. Id. at ¶ 57 ; see also Foster, ¶ 40 (defense counsel invited error in failing to submit a sentence enhancer to the jury by stating that the court should make the finding).
C. Prosecutorial Misconduct
¶ 20 Defendant contends that the trial court erred by allowing the prosecutor during closing argument to express his personal opinion that D.M. had testified truthfully.
1. Additional Background
¶ 21 During closing argument, the prosecutor made two references to the victim "telling the truth":
The only real question as far as the count with [D.M.], whether or not she's a victim of indecent exposure, is if you believe her, because her testimony describes everything in great detail. Do you believe that she's telling you the truth when she tells you what happened or do you believe that *48 she came here and made up this entire story?
Why would she do that? What evidence do you have, what evidence have you heard that she was anything but truthful, that she had any motive to get on that stand and make something up? None.
She's an ordinary person who was outside and she saw somebody in the alleyway masturbating, and she took appropriate steps. She went and told the police. She came back, saw it again, and told the police again.You should believe [D.M.], because what she was telling you was the truth, and because of that the defendant is guilty of indecent exposure.
(Emphasis added.) Defense counsel did not object.
¶ 22 Later in rebuttal closing argument, the prosecutor argued:
The only question that you need to be deciding is whether or not you believe [D.M.'s] testimony or not, and why would she make this up? Why would she decide one day that she was going to pick somebody out, say that person had his pants down, and was masturbating in the alleyway on multiple occasions? Why would she do that? She wouldn't.
She told you the truth today , and what happened to Officer [C.] when the defendant was in the back seat of that patrol car only bolsters it. Yeah, his pants weren't completely off that time but he was doing the same type of thing.
(Emphasis added.)
2. Standard of Review and Applicable Law
¶ 23 We must determine whether the prosecutor's remarks were improper under the totality of the circumstances and, if so, whether they warrant reversal. Wend v. People, 235 P.3d 1089, 1096 (Colo.2010). The determination whether a prosecutor's statements were improper is generally a matter within the district court's discretion. Domingo-Gomez v. People, 125 P.3d 1043, 1049-50 (Colo.2005) ; People v. Castillo, 2014 COA 140M, ¶ 53, --- P.3d ----.
¶ 24 Defense counsel did not object to the prosecutor's statements, so we review for plain error. Hagos v. People, 2012 CO 63, ¶ 14, 288 P.3d 116 ; People v. Rowe, 2012 COA 90, ¶ 30, 318 P.3d 57. To qualify as plain error, an error must be both "obvious and substantial." Hagos, ¶ 14. Prosecutorial misconduct in closing argument constitutes plain error only when it is flagrantly, glaringly, or egregiously improper. Rowe, ¶ 30.
¶ 25 A prosecutor cannot communicate during closing argument his or her personal opinion on the truth or falsity of witness testimony. People v. Wilson, 2014 COA 114, ¶ 52, 356 P.3d 956. However, a prosecutor may draw reasonable inferences from the evidence as to the credibility of witnesses, and may also properly comment on how well and in what manner a witness's testimony measures up to the tests of credibility set forth in the instructions. People v. Perea, 126 P.3d 241, 248 (Colo.App.2005).
¶ 26 "In cases that turn on the credibility of witness testimony, the line between argument about whether the jury can rely on the testimony of witnesses and improper expressions of personal opinion becomes hard to draw." Domingo-Gomez, 125 P.3d at 1051. Ultimately, whether a prosecutor's statement is an improper personal opinion or an acceptable comment on the credibility of witnesses "requires a reviewing court to consider the language used, the context in which the statement was made, and any other relevant factors." Id.
3. Analysis
¶ 27 The prosecutor used the phrase "telling the truth" in urging the jury to believe the testimony of D.M. based on the detail contained in her testimony and the absence of motive for her to falsely accuse defendant. Like similar comments in other cases, these comments were not improper personal opinions, much less plain error. See Wilson, ¶ 55 (A division of this court found no error where the prosecutor stated in initial closing argument, "What motivation does [the victim] have to come in? There is no evidence, because there is none. She came in and told you the truth ." (emphasis added));
*49 People v. Alengi, 114 P.3d 11, 17 (Colo.App.2004) (prosecutor's argument, "I brought you a number of people over the last few days that testified truthfully and honestly to the best of their recollections and there is no reason to doubt their credibility," was not an improper personal opinion), aff'd, 148 P.3d 154 (Colo.2006).
D. Presence of the Alternate Juror During Deliberations
¶ 28 Defendant requests that we remand for an evidentiary hearing regarding whether the alternate juror was present for jury deliberations before being excused. We agree that an evidentiary hearing is required.
1. Additional Background
¶ 29 At the conclusion of closing arguments, the trial court announced a recess "pending the deliberations of the jury." The record reflects that the jury left the courtroom. Subsequently, the trial court stated, "We're back on the record outside the presence of the jury, which has retired to the jury room to deliberate in this case." The record does not reflect how much time passed between when the jury left the courtroom and when the parties began the "on the record" discussion.
¶ 30 During the ensuing discussion, defense counsel made a record concerning the court's earlier ruling as to the sentence enhancement proceedings. At the conclusion of the discussion, the court noted that the alternate juror had not been excused, and that the alternate needed to be brought back into the courtroom.
¶ 31 This discussion is set out in the record on appeal in just over three pages of transcript, but there is no indication of how much time it consumed.
¶ 32 At some point, after the discussion ended, the juror was brought back into the courtroom. The court informed him that he had been selected as the alternate, and gave him further instructions about his service. The juror was then excused from the courtroom without objection from either party.
2. Analysis
¶ 33 The People concede that the presence of other persons, including alternate jurors, in final deliberations is improper. See Wiser v. People, 732 P.2d 1139, 1141 (Colo.1987) ; People v. Boulies, 690 P.2d 1253, 1255-56 (Colo.1984). However, the People argue, based on the court reporter's notations in the transcript, that insufficient time passed for deliberations to have begun, and that the alternate juror's temporary presence in the jury room was long enough only to have allowed the juror to retrieve personal belongings.
¶ 34 But, as discussed above, the transcript does not reflect how much time passed between the retiring of the jury to the jury room and when the alternate juror returned to the courtroom. Even assuming that these events took only a short time, deliberations may have begun in the presence of the alternate juror.
¶ 35 Accordingly, we conclude that this matter must be remanded for an evidentiary hearing regarding whether the alternate juror was present during deliberations. See Boulies, 690 P.2d at 1256 n.5.[2] Although CRE 606(b) limits a trial court's ability to inquire into jury deliberations, a juror may testify as to "any outside influence [that] was improperly brought to bear on any juror." CRE 606(b)(2).
¶ 36 If the court determines that the alternate juror was present during deliberations, then the defendant shall be granted a new trial. If the court determines that the alternate juror was not present during deliberations, the court shall reinstate defendant's conviction and the judgment shall stand affirmed, subject to his right of appeal from that determination.
*50 E. Sentence Enhancement
¶ 37 Defendant's conviction for indecent exposure was elevated from a class 1 misdemeanor to a class 6 felony due to two prior convictions for indecent exposure. § 18-7-302(4), C.R.S.2015. He contends that a jury verdict on whether he had these prior convictions was required before he could be sentenced for class 6 felony indecent exposure. We disagree.
1. Background
¶ 38 Because defendant was charged with felony indecent exposure under section 18-7-302(4), based on his two prior convictions for felony indecent exposure, the trial court bifurcated his trial. After a verdict in the guilt phase was returned by the jury, the trial court heard evidence as to defendant's prior convictions. The court found, by a preponderance of the evidence, that defendant had previously been convicted twice for felony indecent exposure.
2. Standard of Review
¶ 39 "Whether a statutory provision is a sentence enhancer or a substantive element of the offense presents a legal question that we review de novo." People v. Schreiber, 226 P.3d 1221, 1223 (Colo.App.2009). Defendant preserved his claim by objecting that the prior convictions must be proven to a jury beyond a reasonable doubt.
3. Analysis
¶ 40 In Schreiber, a division of this court concluded that section 18-7-302(4) creates a sentence enhancer that is to be decided by the court by a preponderance of the evidence. Id. We agree with the division's reasoning in Schreiber and apply it here.
¶ 41 In this case, defendant's prior indecent exposure convictions were both class 6 felonies. Therefore, defendant was afforded the procedural protections of a felony prosecution as to these prior convictions. Due process and Sixth Amendment concerns that are otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range are mitigated where the certainty of procedural safeguards attaches to a prior conviction. See Apprendi v. New Jersey, 530 U.S. 466, 488, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). No error has been shown.
III. Conclusion
¶ 42 We vacate defendant's judgment of conviction and remand for an evidentiary hearing as to whether the alternate juror was present during jury deliberations. If the alternate juror was present, the court shall order a new trial. If not, the court shall reinstate the judgment of conviction, and it will stand affirmed subject to defendant's right to appeal the determination made during the hearing. In all other respects, the judgment of conviction and sentence are affirmed.
JUDGE WEBB and JUDGE J. JONES concur.

The "public place" element was relevant only to the public indecency charge.

Although in Boulies the supreme court indicated that the People could offer evidence to establish that the presence of an alternate juror was harmless beyond a reasonable doubt, the cases cited as examples involved situations where deliberations or the selection of a jury foreperson did not occur in the presence of the alternate juror. People v. Boulies, 690 P.2d 1253, 1256 n. 5 (Colo.1984).